AUGUSTUS T. McKINSTRY, appellant *v.* HENRY PENNOYER, AUGUSTUS PENNOYER, and FREDERICK PENNOYER, appellees.

### *Appeal from Cook.*

The judgment for the defendant on a plea in abatement, whether it be an issue in fact or in law, is that the writ or bill be quashed; or if a temporary disability or privilege be pleaded, that the plaint remain without day, until, &c.

On an issue in fact the defendant is entitled to costs, but not on an issue in law.

The doctrine of discretion in the Circuit Court, ought not to be carried too far; and this Court will not extend it beyond previous decisions.

THIS cause came on to be heard at the May term, 1836, of the Cook Circuit Court, the Hon. Thomas Ford presiding.

McKinstry *v.* Pennoyer *et al.*

The appellant was sued by the name of Augustus McKinster. He pleaded in abatement of the writ that his name was Augustus T. McKinstry. The plaintiffs demurred to this plea. The demurrer was overruled, and the plaintiffs asked leave to reply, which was granted them. The defendant excepted to the decision of the Court permitting the plaintiffs to reply. Issue was taken upon the replication that the appellant was " called and known as well by the name of Augustus McKinster, as by the name of Augustus T. McKinstry," and the cause submitted to a jury, who returned a verdict for the plaintiffs in the Court below, for $270. Judgment was rendered on this verdict, and an appeal taken to this Court. Among the authorities cited by

JAMES GRANT and W. B. SCATES, for the appellant, the following relate to the point decided by the Court: 2 Saund. 210 f.; Steph. Plead. 176, 178, 140, 184; 1 Chit. Plead. 501; Comyn's Dig. *Pleader* 28; Bac. Abr. *Abatement*, 28.

G. SPRING, for the appellees.

LOCKWOOD, Justice, delivered the opinion of the Court :

This was an action of *trespass on the case,* brought by Pennoyer and others against McKinstry. The defendant below in proper person pleaded in abatement, a misnomer of his name, and prayed judgment of the writ that it be quashed. To this plea the plaintiffs below demurred, and defendant joined in demurrer. After argument in the Circuit Court, the demurrer was overruled, whereupon the plaintiffs moved the Court for leave to answer over to the defendant's plea, which was granted; the granting of which motion was excepted to by the defendant's counsel, who moved for final judgment on the demurrer. Granting leave to the plaintiffs below, to reply, and the refusal to give final judgment on the demurrer, are among the causes assigned for error.

The question arising from this assignment of error, is, whether the decision of the Circuit Court on the demurrer was final, or had the Court a discretionary power to grant the plaintiffs leave to answer over. The rule laid down in the books of practice and pleading, is, that when a plea in abatement is regularly put in, the plaintiff must reply to it, or demur. If he reply, and an issue in fact be thereupon joined, and found for him, the judgment is peremptory, *quod recuperet;* but if there be judgment for the plaintiff on demurrer to a plea in abatement, or replication to such plea, the judgment is only interlocutory, *quod respondeat ouster.* The judgment for the defendant on a plea in abatement, whether it be an issue in fact or in law, is that the writ or bill be quashed; or if a temporary disability or privilege be pleaded,

that the plaint remain without day, until, &c. On an issue in fact the defendant is entitled to costs, but not on an issue in law.(1)

According to the principles above laid down, the Circuit Court, upon overruling the plaintiffs' demurrer to the defendant's plea in abatement, should have given judgment that the writ be quashed. This is conceded to be the law in the written arguments presented to this Court by the defendants in error; but they contend that the Circuit Court might in its discretion permit the plaintiffs below to amend by taking issue on the plea in abatement. This doctrine of discretion ought not to be carried too far. It tends to produce contradictory decisions in the Circuit Courts, without power in the appellate tribunal to correct error, and thus produce uniformity. This Court, therefore, cannot extend the doctrine of discretion farther than previous decisions have done, unless it be where from the nature of the case, the Court must necessarily have a discretionary power. As neither the books of practice nor adjudged cases, as far as they have come to our knowledge, recognise any such discretion in the Court, as is claimed in this case, the judgment below must be reversed, with costs of reversal, and a judgment entered in this Court, that the suit be quashed. As this was a decision on an issue in law in the Circuit Court, no costs of defence in that Court are given.

*Judgment reversed.*

(1) 1 Tidd's Prac. 693-4, 2d American, from the 8th London Edition; 1 Chit. Plead. 405.