Thomas Motherell, plaintiff in error, *v.* Ignatius Beaver, defendant in error.

*Error to Bureau.*

The proper judgment on overruling a demurrer to a plea in abatement is, that the writ be quashed.

Trespass *quare clausum fregit,* brought by the defendant in error against the plaintiff in error, in the Bureau Circuit Court, and heard before the Hon. John D. Caton, at the May term 1844, on demurrer to a plea in abatement, which had been interposed. The demurrer was overruled, when the plaintiff obtained leave to file, and did file, a replication to said plea. The issue was then tried by the Court, the de-

Motherell *v.* Beaver.

fendant found guilty, and damages assessed against him in the sum of $13·70. Judgment was thereupon entered.

*H. O. Merriman*, for the plaintiff in error, contended that the proper judgment on overruling a demurrer to a plea in abatement is, that the writ be quashed. *McKinstry* v. *Pennoyer*, 1 Scam. 319; 1 Chitty's Pl. 501; Gould's Pl. 300.

*O. Peters*, for the defendant in error.

The decision in the case of *McKinstry* v. *Pennoyer*, relied upon by the plaintiff in error, is based upon the principle laid down in 1 Chitty's Pl. 501. When carefully noticed, it will be seen that Chitty makes no reference to the authority of the Court to allow the plaintiff to reply; but he merely states what the judgment shall be in cases where the demurrer to the plea is overruled, without indicating whether leave to reply may be granted or not.

The law has never favored dilatory pleas, and this Court, in the case of *Heslep* v. *Peters*, 3 Scam. 45, overruled the decision in the case of *McKinstry* v. *Pennoyer*. If this case is to stand, dilatory pleas are more favored than pleas in bar. Leave to withdraw a demurrer to a plea in bar, and reply to the plea is always granted, almost as a matter of course. If it is error to grant the same leave, and deny the exercise of the same discretion in relation to demurrers to pleas in abatement, a greater sanctity is given to these dilatory pleas, than to pleas which go to the merits.

The Opinion of the Court was delivered by

Purple, J.*    The defendant in error in this case sued the plaintiff in error in the Bureau Circuit Court, in an action of *trespass quare clausum fregit.*

In his declaration, the plaintiff below claims damages for an entry and trespass upon certain real estate, and for taking and carrying away personal property therefrom.

The defendant in that Court pleaded, in abatement, that

---

*Wilson, C. J., did not sit in this case.

Motherell v. Beaver.

the premises, property, goods and chattels, in the said plea and declaration mentioned, were the property of the defendant in error and one John Beaver, and not of said defendant alone; which plea was duly verified by affidavit; to which plea the plaintiff below demurred, and the defendant in that Court joined in demurrer.

Upon the hearing, the Court overruled the demurrer. The plaintiff below then asked and obtained leave of the Court to file his replication denying the truth of the plea; to which decision the defendant below excepted, and contended that the judgment of the Court, on overruling the demurrer to said defendant's plea, should have been that the writ be quashed.

The cause was then submitted to the Court for trial, and the Court, after hearing the evidence, found the defendant below guilty of the trespass in manner and form as stated in the declaration, and assessed damages against the said defendant.

Several errors are assigned; one of them, being decisive of the case, will only be noticed. It is, that, on overruling the demurrer to the plea in abatement, the Court should not have permitted the replication to be filed, but should have given judgment, that the writ be quashed.

This was manifestly erroneous. The question is distinctly settled by this Court in the case of *McKinstry* v. *Pennoyer*, 1 Scam. 319. It is there held, and I believe it is the doctrine of all the books, that when a demurrer to a plea in abatement is overruled, the judgment of the Court should be, that the writ be quashed; that this is settled law, and not a matter for the exercise of discretion in the Court.

The judgment of the Circuit Court is reversed with costs, and judgment entered in this Court, that the writ be quashed.

*Judgment reversed.*