## Henry V. Hill, Appellee, v. Joseph L. Trapp, Appellant.

1. ABATEMENT AND REVIVAL, § 99*—*what is proper judgment upon overruling demurrer to plea in abatement to jurisdiction.* Where, in an action on a note, one of the defendants pleaded in abatement to the jurisdiction of the court, alleging that he resided in a county other than that in which service was had and was not served in his own county, and plaintiff's demurrer to the plea was overruled, whereupon plaintiff filed a replication without leave of court and the court denied a motion to strike such replication, but no trial was had on the issue made by the plea and replication, or judgment entered thereon, and defendant thereafter without leave of court filed a second plea in abatement, to which plea the plaintiff demurred and the demurrer was sustained, whereupon defendant pleaded to the merits and filed special pleas, and subsequently issues were joined and the case was tried, resulting in a finding for plaintiff, and defendant assigned as error the failure to enter judgment on the first plea in abatement, and the overruling of the motion to strike, *held* that it was the duty of the trial court after having overruled the demurrer to the plea in abatement to have entered a judgment quashing the writ, and its failure to do so was error.

2. APPEAL AND ERROR, § 1673*—*when error in granting leave to reply after overruling of demurrer to plea in abatement is not waived.* After a demurrer to a plea in abatement has been overruled, it is not regular for the court to grant leave to reply, as a judgment for the defendant on such a plea, whether the issue be one of fact or of law, is that the writ be quashed, and the error is not waived by anything subsequently done by the defendant.

3. ESCROWS, § 19*—*when evidence sufficient to show that note was to be held in escrow until release or surrender of a lease.* Where, in an action on a note, it appeared that the note was given in settlement of the differences in a real estate exchange transaction; that after the execution of the contract a gas and oil lease was executed on the land of the payee in the note, and, on the refusal of the maker of the note to go on with the contract until such lease was released, the note in question, with the deeds and the mortgage securing the note, were placed in escrow pending a release of the lease; that pursuant to subsequent agreements, the deeds and the mortgage were recorded, and the note was still permitted to remain in escrow; that after maturity the note and mort-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

gage were assigned to the plaintiff, but the note remained in escrow and was never delivered to plaintiff; that a release of said lease was obtained as to only part of the land in question, and there was controversy as to whether the payee was entitled to the possession of the note and as to whether he had the right to assign it, *held* that the manifest weight of the evidence was that at the time suit was brought the lease had not been released, and that under the agreement for exchange, the bank was to hold the note in escrow until the lease had been released or surrendered.

Appeal from the Circuit Court of Jefferson county; the Hon. JULIUS C. KERN, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed April 13, 1917.

P. J. KOLB, M. J. WHITE and CONRAD SCHUL, for appellant.

CURTIS WILLIAMS and ROBERT M. FARTHING, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

An action in assumpsit was brought in the Circuit Court of Jefferson county by appellee as indorsee of a promissory note against appellant, Joseph L. Trapp and Verona Trapp, his wife, as makers, and one H. L. Cline, as indorser of said note. Summons was issued to Jefferson county and served on Cline, and another summons to Wabash county which was served on appellant and his wife, Verona Trapp. Appellant filed a plea in abatement to the jurisdiction of the court, alleging that he resided in Wabash county and not in Jefferson county and was not served in Jefferson county; said plea ended with a verification and with a prayer for judgment. Appellee filed a demurrer to said plea which on hearing was overruled. Appellee thereupon without leave of court filed a replication to said plea. Appellant moved the court to strike the replication from the files, which motion was

overruled by the court and exception was taken thereto by appellant.

No trial was had on the issue made by said plea and replication and no judgment was entered thereon by the court. Appellant, thereafter, without leave of court so far as the record discloses, filed his second plea in abatement, to which plea appellee demurred and the court sustained the demurrer. Appellant then filed a plea of the general issue and four special pleas which were afterwards amended. Appellee replied to said amended special pleas and issues being joined, a trial was had by court, by agreement, resulting in a judgment in favor of appellee. To reverse said judgment this appeal is prosecuted.

The first error assigned by appellant is the failure of the trial court to enter judgment on overruling the demurrer to the first plea in abatement and in overruling the motion to strike the replication to said plea from the files.

In the case of *Cushman v. Savage*, 20 Ill. 330, the defendant pleaded in abatement to the jurisdiction of the court and the plaintiff demurred to the plea. The court overruled the demurrer and granted plaintiff leave to plead. In discussing the ruling of the trial court the Supreme Court said: "This was erroneous. After a demurrer to a plea in abatement has been overruled, it is not regular for the court to grant leave to reply; for a judgment for the defendant, on such a plea, whether it be on an issue of fact or of law, is, that the writ be quashed." Citing, Tidd's Practice, 642; 1 Ch. Pl. 501; *Motherell v. Beaver*, 7 Ill. (2 Gilm.) 69; *McKinstry v. Pennoyer*, 2 Ill. (1 Scam.) 319; *Eddy v. Brady*, 16 Ill. 306. "The case will be remanded to the Circuit Court of LaSalle, with instructions to abate the writ."

In the later case of *Spaulding v. Lowe*, 58 Ill. 96, where a similar condition in the pleadings occurred,

the Supreme Court says: "It was error for the Circuit Court to give leave to reply, after overruling a demurrer to a plea in abatement, and this court has several times held this error to be cause of reversal." Citing, *McKinstry v. Pennoyer, supra; Motherell v. Beaver, supra; Eddy v. Brady, supra.* The court further said: "The error was not waived by anything subsequently done by defendants. The judgment must be reversed, the verdict set aside, and judgment quashing the writ entered *nunc pro tunc* upon the demurrer."

So far as we have been able to ascertain, the rule laid down in the cases above cited has not been overruled or modified. The same rules of pleading are laid down in Lawson's Pleading, Practice and Forms, vol. 1, sec. 563; Shinn's Pleading & Practice, vol. 1, sec. 681.

Appellee in his brief and argument wholly ignores the foregoing assignment of error, on the assumption, we presume, that appellant, by pleading over to the merits, waived his right to assign error on the failure of the court to enter judgment quashing the writ after overruling the demurrer to appellant's plea in abatement. It was the duty of the trial court in this case, after having overruled the demurrer to the plea in abatement, to have entered a judgment quashing the writ, and its failure to do so was error.

We are also of the opinion that on the merits this case should be reversed. The record discloses that appellant had traded certain residence property in Mount Vernon, Illinois to Cline for one hundred and sixty acres of land in Wabash county and that the note in question was given by appellant and his said wife in settlement of the difference in said transaction. The evidence is that on the day said parties met to close said deal it developed that subsequent to the making of the contract for the exchange of the above properties Cline had executed a gas and oil lease to one

W. J. Rogers on the land he was conveying to appellant, and that appellant upon ascertaining said fact refused to proceed with the closing of said transaction. After some controversy in regard to the matter it was agreed that the note in question with the deeds and the mortgage securing said note should be deposited with the First National Bank of Mount Carmel until Cline should obtain a release of said oil lease.

Some time thereafter appellant proposed to Cline that the deed and mortgage should be placed on record but that the note be left in the bank until said release was obtained. Cline finally consented to this upon condition that appellant would go his security for $600 he was borrowing from the First National Bank of Mount Carmel, to fall due in thirty days. The note in question being for something over $1,200 was, at the request of Mr. Goddard, the president of said bank, indorsed by Cline in blank, and the following memorandum was signed by him and attached to said note: "Note of Joseph L. and Verona Trapp attached is left as collateral security for $600.00 note of H. L. Cline. Said Trapp note is to be also held by the First National Bank until the said oil lease given to W. J. Rogers is returned cancelled."

The record discloses that as to eighty acres of the land the release was finally obtained. As to the remaining eighty no release was ever procured, and so far as the record discloses, is still outstanding, except it is insisted by appellee that the lease expired by limitation. Even if that be true, the evidence is to the effect that the expiration of the life of said lease was subsequent to the bringing of said suit. The record further discloses that after the maturity of the note sued on, Cline assigned said note by the following written assignment to appellee: "May 6, 1914. For value received I hereby assign, set over and transfer to Henry V. Hill the within mortgage and the note which it secures." The note itself remained in the

bank and was never delivered to appellee either at the time of said assignment or at any time thereafter.

It is insisted by appellant for a reversal of said judgment, first, that the lease never having been canceled or surrendered, Cline, the payee in said note, was not entitled to the possession or control of the same, and that appellee could obtain no greater right therein than the payee in said note, as the attempted assignment was subsequent to the maturity thereof; and, second, that the written assignment not being attached to said note would not have the effect of passing the legal title thereto. On the other hand, appellee contends that after said note had been placed in said bank in escrow that appellant agreed if he would release said mortgage securing the note in question and allow appellant to place a mortgage of $4,000 on said premises, that he, appellant, would pay the note here sued on, and that, therefore, he was entitled to the possession of the note and had the right to assign it to appellee.

The case was tried without a jury and the court by its rulings on the propositions of law submitted to it held, in effect, that the legal title to said note was in Cline, and that it passed to appellee by virtue of said assignment. While we recognize that the findings of the trial court on controverted questions of fact, where a jury has been waived, are entitled to the same weight that is given to the findings of a jury, at the same time, we think the manifest weight of the evidence in this case is to the effect that the note here sued on was to be held by the First National Bank of Mount Carmel until the oil and gas lease in question had been released, and that at the time this suit was instituted said lease was still outstanding.

It is also contended by appellant that he was entitled to a return of the note in question if the lease was not released or surrendered within a certain time.

We are not attempting to pass on this controverted question of fact. The only question that we are here deciding is that the manifest weight of the evidence is to the effect that at the time suit was brought the lease in question had not been released and that, under the agreement of Cline and appellant, the bank was to hold said note in escrow until said lease had been so released or surrendered.

For the errors above set forth the judgment of the trial court will be reversed and remanded, so far as appellant's rights are concerned.

*Reversed and remanded.*