**229 A.2d 756.**

FRANK PISATURO *et al. vs.* AUTOMOBILE MUTUAL INSURANCE COMPANY OF AMERICA *et al.*

MAY 16, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J.  This is a civil action brought to recover damages for personal injuries allegedly caused by the defendants' insured.  The plaintiffs are before this court on their appeal from the superior court's dismissal of the instant action for lack of jurisdiction.

The record shows that plaintiffs are husband and wife. On August 20, 1965, Yolanda C. Pisaturo was driving her husband's automobile in Providence when it was struck by another automobile which, though operated by Walter S. Przbuski, was owned by Margaret H. Przbuski. The Przbuskis at this time were residents of East Providence.

Some eight months later, in April 1966, litigation ensued between plaintiffs and the Przbuskis.  On April 2, 1966, a summons was delivered to the sheriff's office by plaintiffs' attorney for service on the Przbuskis.  Two days later on April 4, 1966, plaintiffs' counsel filed a complaint in the clerk's office of the superior court against Walter S. Przbuski and Margaret H. Przbuski.  This action was docketed as Civil Action No. 66-1430.  The summons was filed in the clerk's office on April 29, 1966.  It contained a "non est in-

ventus" return which had been properly executed by a deputy sheriff on April 8, 1966.

On this same day plaintiffs instituted the instant action against defendants pursuant to the provisions of G. L. 1956, §§27-7-1 and 27-7-2.[1]   Service was effected upon defendants on May 2, 1966, and on May 20, 1966, an answer was filed which set forth four separate defenses.   We are concerned, however, with the defense numbered "Second Defense."   It reads as follows:

> "This court lacks jurisdiction over the subject matter of this action for the reason that plaintiffs had commenced an action against the said Walter S. Przbuski and Margaret H. Przbuski, bearing Civil Action File No. 66-1430, which action was pending in this Court at the time the instant action was commenced."

The sole issue before us is whether or not there was, at the time the instant action was commenced, an action pending between plaintiffs and defendants' insured.   While the trial justice's decision found that there was such a pendency, it is plaintiffs' contention that for the purposes of

---

[1] 27-7-1. Provision for direct liability of insurer to person injured.—Every policy hereafter written insuring against liability for property damage or personal injuries or both, and every policy hereinafter written indemnifying any person by reason of such liability, other than payment of compensation under chapters 29 to 38, inclusive, of title 28, shall contain provisions to the effect that the insurer shall be directly liable to the injured party and, in the event of his death, to the party entitled to sue therefor, to pay him the amount of damages for which insured is liable."

"27-7-2. Remedies of injured party against insurer.—Such injured party, or, in the event of his death, the party entitled to sue therefor, in his suit against the insured, shall not join the insurer as a defendant. If, however, the officer serving any process against the insured shall return said process 'non est inventus,' the said injured party, and in the event of his death, the party entitled to sue therefor, may proceed directly against the insurer. Said injured party, or, in the event of his death, the party entitled to sue therefor, after having obtained judgment against the insured alone, may proceed on said judgment in a separate action against said insurer; provided, however, that payment in whole or in part of such liability by either the insured or the insurer shall, to the extent thereof, be a bar to recovery against the other of the amount so paid."

defendants' answer a civil action can only be held to be "pending" after the complaint has been filed and service has been made upon defendants. We agree.

The Rhode Island rules of civil procedure of the superior court became effective on January 10, 1966. Rule 3 thereof sets forth the methods of commencing a civil action there. The pertinent portion thereof states:

> "A civil action is commenced (1) by filing a complaint with the court together with payment of the entry fee prescribed by law, or (2) by depositing the complaint with said fee in the mail addressed to the clerk, or (3) by delivery of a summons and complaint to an officer for service."

This rule represents a substantial departure from past practice in Rhode Island. Prior to this rule, there was but one method of commencing an action at law. This was by issuance of the writ. This court in *Hail* v. *Spencer,* 1 R. I. 17, held that the issuance of a writ with an honest intention of having it served marked the commencement of a suit. Issuance, not service, of the writ was to be considered the beginning of an action. We went on to point out that the issuance of the writ tolled the statute of limitations. We have reiterated this ruling on several occasions.[2]

Rule No. 3 not only retains this method but it provides two additional ways of instituting an action. The plaintiff's attorney may file the complaint with the clerk or mail it to him. The reporter's notes which accompany the rules point out that this provision with its two new procedures makes it possible to prove, as a matter of record, the commencement of an action. It now can be shown when an action has begun by some method other than the many times uncorroborated statement of an attorney as to when

---

[2]*Taft & Co.* v. *Daggett,* 6 R. I. 266, 272; *Cross* v. *Barber,* 16 R. I. 266, 268; *Bradford Estate Co.* v. *Brown,* 52 R. I. 103, 105; *Friedman* v. *Arnold,* 73 R. I. 451, 454; *Mack Const. Co.* v. *Quonset Real Estate* Corp., 84 R. I. 190, 194.

he issued a writ. The legislature has provided in §9-1-12, as amended, that the use of any of the methods set forth in Rule No. 3 will effectively stop the running of the statute of limitations.

While plaintiffs, by the filing of their complaint against defendants' insured, commenced an action against the Przbuskis, we do not believe that on the state of the record on April 29, 1966, there was then pending a prior action which would justify the dismissal of this direct suit against the insurers. It is clear that no process had been served upon the insureds which would give the superior court jurisdiction over them.

We believe that it was the legislature's intent when it enacted §27-7-2 that the superior court could not hear and determine a case brought directly against an insurer by a plaintiff who then had pending an action arising out of the same incident which is the subject matter of the action brought pursuant to this statute. However, as stated in 1 C.J.S., Abatement and Revival, §68, p. 105, that "* * * if for any reason a prior pending action is so defective that there can be no recovery therein, or no such effectual recovery or relief as is sought and obtainable in a second action, the prior action is not ground for abating the subsequent one * * *." In order that a pending action may be pleaded in abatement of one subsequently commenced, the court before which the first is pending must have jurisdiction of the parties. Here the lack of personal jurisdiction over the insureds is fatal to the superior court's power to grant in the first action the relief which is sought by plaintiffs in their statutory suit against the defendant insurer. See 1 Am. Jur.2d, Abatement, Survival, and Revival, §16, p. 54.

It follows, therefore, that because of the lack of service upon the insured there was not pending at the time the instant litigation began such an action between the plain-

tiffs and the defendants' insureds which would permit the invoking in this case of the defense of another action pending.

For these reasons the plaintiffs' appeal is sustained and this cause is remitted to the superior court for further proceedings.

*Paul J. Russo*, for plaintiffs.

*Jordan, Hanson & Curran, Paul A. Lietar*, for defendants.