352 A.2d 651.

VIRGINIA MARKHAM *et al. vs.* ALLSTATE INSURANCE COMPANY *et al.*

SALVATORE AZZOLI *vs.* ALLSTATE INSURANCE COMPANY *et al.*

MARCH 11, 1976.

PRESENT: Paolino, Acting C. J., Joslin, Kelleher and Doris, JJ.

DORIS, J. This is a petition for a writ of certiorari to

review the ruling of a justice of the Superior Court denying the defendant's motions to substitute the administratrix of a deceased defendant as a party defendant and granting the plaintiff's motions to substitute a deceased defendant's insurer as a party defendant.

The record indicates that these consolidated cases arose out of a motor vehicle accident which occurred on Interstate Route 95 in the city of Cranston on February 3, 1970. William C. Carpenter, a resident of the State of New Jersey and operator of a truck owned by defendant Cross Transportation, Inc., was named defendant in both actions. Allstate Insurance Company insured both Cross Transportation, Inc., and Carpenter, but was not named a party defendant in either complaint since Rhode Island law does not permit direct action against an insurer.

After suit was commenced and both actions had been consolidated, Carpenter died on September 30, 1973. His death was suggested on the record and his widow Winifred Carpenter, who had been appointed as the administratrix of his estate by a Probate Court in the state of New Jersey, moved to be substituted as a party defendant. The plaintiffs, Markham, objected to the proposed substitution and moved to add Carpenter's insurer, Allstate Insurance Company, as a party defendant.

After a hearing, a justice of the Superior Court denied the widow-administratrix's motion for substitution and granted the motion to add Allstate Insurance Company as a party defendant in the Markham case. Thereafter, in the Azzoli case, the Superior Court justice denied the widow-administratrix's motion for substitution and ordered Allstate Insurance Company added as a party defendant.

Allstate Insurance Company thereupon filed a petition for a writ of certiorari in this court alleging that the Superior Court justice erred in his interpretation of G. L.

1956 (1968 Reenactment) §27-7-2[1] in ordering Allstate Insurance Company as a party defendant in each case. We ordered the writ to issue and in compliance therewith, the clerk of the Superior Court has certified the record to this court.

The sole question presented for our determination is the interpretation of §27-7-2 as it relates to the substitution of the insurer as a party when an insured dies before judgment while a suit is pending against him.

The defendant, Allstate, points out that in its original form the language in §27-7-2 provides that in a suit against an insured, the injured party shall not join the insurer as a defendant. Allstate further points out that two recent amendments to §27-7-2 namely, P. L. 1972, ch. 188, §1, and P. L. 1973, ch. 205, §1, reenacted the same language. Allstate argues that by reason thereof the Legislature clearly evidenced its intention that in order to protect against prejudice before a jury, an insurer should not be named as a party defendant. Allstate further argues that if an insurer is a defendant before a jury, the poten-

---

[1]General Laws 1956 (1968 Reenactment) §27-7-2 reads as follows:

"Remedies of injured party against insurer.—Such injured party, or, in the event of his death, the party entitled to sue therefor, in his suit against the insured, shall not join the insurer as a defendant. If, however, the officer serving any process against the insured shall return said process 'non est inventus,' or where before suit has been brought and probate proceedings have not been initiated the insured has died, or where a suit is pending against an insured in his own name and the insured died prior to judgment, or where a non-resident had been [involved] in an automobile accident in Rhode Island as an operator or owner and died before suit has been brought, the said injured party, and in the event of his death, the party entitled to sue therefor, may proceed directly against the insurer. Said injured party, or, in the event of his death, the party entitled to sue therefor, after having obtained judgment against the insured alone, may proceed on said judgment in a separate action against said insurer; provided, however, the payment in whole or in part of such liability by either the insured or the insurer shall, to the extent thereof, be a bar to recovery against the other of the amount so paid."

tial for prejudice is great and that the death of a defendant should not alter this rule against prejudice if it can be avoided.

The defendant concedes however, that the language of the statute provides that where a suit is pending against an insured in his name and the insured dies prior to judgment, the party entitled to sue may proceed directly against the insurer. The defendant states that this amendment was enacted solely for the purpose of allowing the substitution of an insurer as a party defendant, where the insured has died during suit and where no personal representative of his estate is available against whom plaintiff can proceed. The defendant contends that since deceased defendant's administratrix was available for substitution that the trial justice erred when he granted plaintiffs' motion to substitute Allstate as a party defendant under provisions of §27-7-2.

The plaintiffs contend that §27-7-2 is clear and unambiguous in its terms. They point out that an insurer is not to be joined as a defendant except in certain instances which are plainly and clearly set forth in the statute. They argue that by terms of the statute, the plaintiff is given the option to sue the insurer directly and that no condition has been attached by the Legislature to the plaintiff's choice of proceeding directly against the insurer when suit is pending and the insured dies.

The plaintiffs further point out that the Legislature clearly had in mind the possibility of probate proceedings since the language "* * * where before suit has been brought and probate proceedings have not been initiated the insured has died * * *" indicates that where probate proceedings have been initiated before suit is brought, the plaintiff may not proceed directly against the insurer.

We have long adhered to the proposition in this state that, where the language of the statute is free from am-

biguity and expresses a plain and sensible meaning, the meaning so expressed will be conclusively presumed to be the one intended by the Legislature. *State* v. *Ricci,* 107 R. I. 582, 268 A.2d 692 (1970); *Nugent ex rel. Manning* v. *LaFrance,* 91 R. I. 398, 164 A.2d 230 (1960); *Rhode Island Hosp. Trust Co.* v. *Rhode Island Covering Co.,* 95 R. I. 30, 182 A.2d 438 (1962). It is equally well settled that where a statute is free of ambiguity, we will give the words used in the statute their natural and generally accepted meaning. This is particularly true where the Legislature has not defined or qualified the words used within the statute. *State* v. *Ricci, supra; Pacheco* v. *Lachapelle,* 91 R. I. 359, 163 A.2d 38 (1960).

The defendant would urge upon us, in the face of the crystal clear and unambiguous language of the statute, to add thereto a condition that where a defendant's personal representative was available for substitution as a party defendant, the plaintiff should not be allowed to proceed directly against the insurer. We can find nothing in the language of the statute which would persuade us to accept this view. Rather it is incumbent upon us to give effect to the purpose behind this statute which is clearly to give an injured party the choice to proceed directly against an insurer where the insured has died prior to judgment while a suit is pending.

Here, the language of the statute is clear and unambiguous and declares its own meaning that where a suit is pending against an insured and the insured has died the injured party may proceed directly against the insurer. There are no conditions attached to this choice granted to the injured party and the option to proceed directly against the insurer rests solely with the injured party. The trial justice did not err in his interpretation of §27-7-2.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified

to this court are ordered returned to the Superior Court with our decision endorsed thereon.

Mr. Chief Justice Roberts did not participate.

*Gorham & Gorham Incorporated, Bradford Gorham,* for plaintiffs-respondents.

*Robert L. Kiernan* and *Thomas L. Marcaccio,* for Salvatore Azzolli.

*Higgins, Cavanagh & Cooney, Joseph V. Cavanagh, James M. Micali,* for defendants-petitioners.

