358 A.2d 675.

JAMES R. DEIGNAN *vs* HARTFORD ACCIDENT & INDEMNITY Co. *et al.*

JUNE 11, 1976.

PRESENT: Paolino, Acting C. J., Joslin, Kelleher and Doris, JJ.

DORIS, J. This is a petition for writ of certiorari to review the ruling of a Superior Court justice granting the plaintiff's motion to substitute a deceased defendant's insurer as a party defendant.

The record indicates that this case arises out of a motor vehicle accident which occurred May 6, 1973, on Elmwood Avenue in the city of Warwick. The plaintiff, James R. Deignan, was the owner and operator of one of the motor vehicles involved in the accident and defendant, Willis T. Callaway, was the owner and operator of the other motor vehicle involved in said accident. The petitioner in this court, Hartford Accident & Indemnity Co. is the insurer of defendant Callaway.

After suit was commenced, defendant Callaway died on August 6, 1973, and his death was suggested on the record in Superior Court on October 31, 1973. On January 31, 1974, plaintiff filed a motion to amend his complaint by substi-

tuting Hartford Accident & Indemnity Co. (Hartford) as a party defendant in place of deceased defendant Callaway.

On or about February 14, 1974, Florence C. Callaway, widow of defendant Callaway, filed a petition in the Probate Court of the city of Warwick seeking appointment as administratrix of her deceased husband's estate. The petition for appointment was granted and on March 14, 1974, the widow was appointed administratrix of the estate of Willis T. Callaway.

On February 21, 1974, the motion to substitute Hartford as a party defendant was granted by a Superior Court justice. Thereupon, Hartford filed a petition for a writ of certiorari in this court alleging that the Superior Court justice erred in his interpretation of G. L. 1956 (1968 Reenactment) §27-7-2 and that the granting of the motion to substitute Hartford as a party defendant was error. We ordered the writ issued and in compliance therewith the clerk of Superior Court has certified the pertinent records to this court.

The sole question presented for our determination is the interpretation of §27-7-2 as it relates to substitution of an insurer as a party where an insured dies before judgment while a suit is pending against him.

Hartford directs our attention to that language in §27-7-2 which states that the injured party shall not join the insurer as a defendant. Hartford argues that such language evidences an intention by the Legislature to protect an insurer from prejudice that would inure to it if made a party defendant. It concedes that the language of the statute allows the substitution of an insurer as a party, but argues that a substitution should be allowed only when such a substitution would be necessary for the plaintiff to maintain his action. Hartford argues that since the widow of the deceased defendant had petitioned for appointment as administratrix of the estate of her husband there was no compell-

ing reason for the substitution of the insurer as a party defendant.

In the recent case of *Markham v. Allstate Ins. Co.,* 116 R. I. 152, 352 A.2d 651 (1976), we upheld a ruling of a Superior Court justice granting the substitution of an insurer as a party defendant where the insured has died prior to judgment while a suit is pending, arguments similar to those advanced here were considered.

In *Markham* we stated:

> "* * * the language of the statute [§27-7-2] is clear and unambiguous and declares its own meaning that where a suit is pending against an insured and the insured has died the injured party may proceed directly against the insurer. There are no conditions attached to this choice granted to the injured party and the option to proceed directly against the insurer rests solely with the injured party." *Id.* at 156, 352 A.2d at 654.

Our decision in *Markham* is controlling here and the trial justice's interpretation of §27-7-2 was correct. There was no error in the granting of the motion for substitution of the insurer as a party defendant.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified to this court are ordered returned to the Superior Court with our decision endorsed thereon.

*Thomas A. Lynch,* for plaintiff-respondent.

*Carroll, Kelly & Murphy, C. Russell Bengtson,* for Hartford Accident & Indemnity Co., defendant-petitioner.