396 A.2d 107.

EDWARD L. GNYS *vs.* AMICA MUTUAL INSURANCE COMPANY.

JANUARY 9, 1979.

PRESENT: Bevilacqua, C.J., Kelleher and Doris, JJ.

KELLEHER, J.   This is a civil action brought pursuant to G.L. 1956 (1968 Reenactment) §27-7-2 against the defendant insurer, Amica Mutual Insurance Company (Amica), to

recover damages for personal injuries sustained in a collision between two motor vehicles. The plaintiff, Edward L. Gnys, is before this court on his appeal from a judgment of the Superior Court dismissing his complaint.

The record shows that on February 25, 1973, Gnys was operating his vehicle when it became involved in a collision with another vehicle owned by Warren W. Salley and operated by Warren's brother, David. The Salley vehicle is insured by Amica. Almost 3 years after the collision, litigation ensued between Gnys and the Salleys. On February 18, 1976, Gnys filed a complaint in the Fifth Division District Court against Warren and David, alleging that David's negligence caused the collision which gave rise to his claim for personal injuries. This action was docketed as Civil Action No. 76-312. On February 19 a copy of the summons and complaint was served upon Warren. However, the sheriff was unsuccessful in his attempt to serve David and executed a *non est inventus* return so far as David was concerned.

On February 24, 1976, Gnys, relying upon the *non est inventus* return and §27-7-2, filed a direct action against Amica. This action was docketed in the Fifth Division District Court as Civil Action No. 76-335. On February 27 service on the summons and a copy of Gnys' complaint were served upon Amica's statutory agent for service of process, to wit, the insurance commissioner. On March 9 counsel for Amica filed an answer in Gnys' suit against the Salleys and entered a general appearance on their behalf. Subsequently, Amica moved to dismiss Gnys' direct action against it on the ground that the District Court lacked jurisdiction because there was a prior action pending between Gnys and the Salleys regarding the same claim. Later, on June 29, the District Court granted the motion to dismiss, and Gnys appealed this dismissal to the Superior Court.

On October 21, 1976, a Superior Court justice, after considering Amica's motion for a summary judgment, ruled that the general appearance by the insurer on behalf of both

the Salleys in Civil Action No. 76-312 was the "functional equivalent of service" on David, thereby rendering the *non est inventus* return ineffective. Consequently, the trial justice, in ruling that Gnys could not proceed directly against Amica under §27-7-2, treated the summary judgment motion as one to dismiss under Super. R. Civ. P. 12(b)(6)[1] and dismissed Gnys' direct action.

The trial justice, in relying upon a "functional equivalent of service" theory, first observed that Gnys, in filing his complaint in the District Court, was seeking damages that could not exceed $5,000. He then took judicial notice that the statutory minimum coverage for liability insurance offered for sale in this state is $10,000. Thus, the trial justice ruled that Amica, because of its ability to control the case at least up to the $10,000 figure, was authorized as David's agent to have its counsel respond to Gnys' claim on behalf of David.

In disagreeing with the trial justice's theory of the equivalency of service, we must point out that in *Maczuga* v. *American Universal Insurance Co.*, 92 R.I. 76, 166 A.2d 227 (1960), this court held that knowledge of the insured's availability for service within the state, acquired subsequent to the invitation of a direct suit under §27-7-2, is not grounds for dismissal of such an action. We noted there that the legislative language employed in §27-7-2 is "unequivocal." *Id.* at 81, 166 A.2d at 230. Since that time we have on several occasions commented on the statute's clear and unambiguous language which gives an injured party in certain specified instances the right to proceed directly against the insurer notwithstanding certain actions taken by the insured or the insurer. *Deignan* v. *Hartford Accident & Indemity Co.*, 116 R.I. 498, 358 A.2d 675 (1976); *Markham* v. *Allstate Insurance Co.*, 116 R.I. 152, 352 A.2d 651 (1976). For instance, in the early seventies the General Assembly

---

[1]The trial justice considered Amica's motion for summary judgment as a 12(b)(6) motion because he was concerned that the grant of summary judgment might be misconstrued and foreclose Gnys' right under G.L. 1956 (1968 Reenactment) §27-7-1 to sue Amica directly in the event that any judgment entered against the Salleys was returned unsatisfied.

amended §27-7-2 so that if suit is pending against an insured and the insured dies, the plaintiff can then proceed against the insurer. *Deignan* and *Markham* make clear that the direct action remains viable even though there is an executor or administrator available to act as a substitute defendant for the deceased.

In accordance with the language mandate alluded to in *Deignan, Markham,* and *Maczuga,* we do not believe that the filing of the answer and general appearance on behalf of David subsequent to Gnys' commencement of his direct action against Amica can nullify the "unequivocal" language of §27-7-2. This statute in simple and direct terms authorizes suit against an insurer once the "officer serving any process against the insured shall return said process 'non est inventus.' " After the plaintiff receives from the sheriff a summons with a *non est inventus* return, recovery can then be sought against the insurer. Since we cannot subscribe to the "functional equivalent of service" theory relied upon by the trial justice, we now turn our attention to Amica's claim of a prior pending action.

Initially, we would point out that in *Pisaturo v. Automobile Mutual Insurance Co. of America,* 102 R.I. 209, 229 A.2d 756 (1967), we stressed that a claim of a prior action pending might be a possible defense to a direct action suit initiated under §27-7-2. There, suit was originally brought against both the owner and operator of a motor vehicle. The sheriff, being unable to serve either of the alleged tortfeasors, returned the summons with a *non est inventus* return. Once the direct action was commenced, the insurer in *Pisaturo* countered with the defense that since suit had been "commenced" against its insureds, there was a prior action pending. However, we stressed that in those circumstances "commencement" of an action and "pendency" of an action were two difference concepts. A civil action, we said, will be considered being in the prior pending category only (1) if the complaint has been filed and (2) if service has been made upon the defendants.

Since Gnys' claim against Warren, the owner, is the only

action which satisfies the *Pisaturo* criteria, we must now determine if the pendency of that action presents an obstacle to Gnys' suit against Amica. In *Elmasian v. Daley*, 87 R.I. 431, 142 A.2d 540 (1958), we reiterated the well-settled principle that the pendency of a prior action for the same cause and between the same parties within the same jurisdiction may be asserted as a ground for the abatement of the second action. As a general rule when a final judgment in the prior suit would act as a bar to the second suit, the plea of the other suit pending will be sustained. *National Bank of Commerce Trust & Savings Association v. Shull*, 195 Neb. 590, 591-92, 239 N.W.2d 505, 506 (1976). In other words, would a final judgment in the first suit support a plea of res judicata to the issues involved in the second? *See, e.g., Lord v. Garland*, 27 Cal. 2d 840, 848, 168 P.2d 5, 10 (1946); *Ohio Finance Co. v. Berry*, 219 Ind. 94, 96, 37 N.E.2d 2, 3 (1941); *State ex rel. Flodin v. District Court*, 222 Minn. 546, 557, 25 N.W.2d 692, 698 (1946); *Lalime v. Desbiens*, 115 Vt. 165, 169, 55 A.2d 121, 123 (1947).

The doctrine of res judicata requires (1) an identity of parties, (2) an identity of issues, and (3) a finality of judgment. *DiSaia v. Capital Industries, Inc.*, 113 R.I. 292, 298, 320 A.2d 604, 607 (1974). Combining the identity of parties and issues factors together, we find that there is a diversity of parties and issues. In one suit Warren is the defendant, and in the other suit Amica is the defendant. As far as similarity of issues is concerned, it is conceivable, especially on the scanty record before us, that a judgment may be entered in the first suit which absolves Warren of any responsibility because the issue in that proceeding may be whether or not Warren's vehicle was being driven with his consent at the time his brother and Gnys collided. *See Gilbert v. Girard*, 109 R.I. 68, 279 A.2d 919 (1971); *Gilbert v. Girard*, 108 R.I. 120, 272 A.2d 691 (1971). It may be that David was on a frolic of his own at the time of the mishap.

Again, another issue which is unique to the direct action suit is Gnys' good faith in seeking out the whereabouts of

David. It is elemental that a plaintiff in a direct action instituted pursuant to §27-7-2 may not prevail against the insurer unless he first convinces the jury that the efforts he has expended in seeking service against the insured are comparable to those made when service is being sought upon an uninsured defendant. *Harter* v. *Home Indemnity Co.*, 111 R.I. 340, 348, 302 A.2d 793, 799 (1973). At oral argument the suggestion was made that the sheriff's return would indicate that David had moved out of the family homestead 3 years before the sheriff's arrival at the front door and that David's mother refused to tell the sheriff the whereabouts of her son. Thus, the extent of Gnys' efforts to locate David after his mother's refusal to cooperate might well be the decisive issue which may determine Gnys' success or lack of success in maintaining the direct motion.

From what we have said, the dissimilarity of parties and issues in this dispute obviously precludes any invocation at this time of the prior pending action doctrine.

The plaintiff's appeal is sustained, the judgment appealed from is vacated, and the cause is remanded to the Superior Court for further proceedings.

Mr. Justice Joslin and Mr. Justice Weisberger did not participate.

*Gunning, LaFazia & Gnys, Inc., Edward P. Sowa, Jr., George E. Healy, Jr.,* for plaintiff.

*Hanson, Curran & Parks, David P. Whitman,* for defendant.