Marie CHALOU

v.

Jeannette LaPIERRE et al.

No. 82-99-M.P.

Supreme Court of Rhode Island.

April 9, 1982.

Maureen A. Hobson, Gary Yesser, Providence, for petitioner.

Carol A. Zangari, Providence, for respondents.

OPINION

PER CURIAM.

This is a Superior Court negligence action in which we have, at the request of the plaintiff, issued our common-law writ of certiorari to review the denial by a Superior Court justice of the plaintiff's motion to substitute as a party defendant the insurer of the defendant, Leo LaPierre, pursuant to the provisions of G.L.1956 (1979 Reenactment) § 27-7-2. This statute provides for a direct action against an insurer where a suit is pending against an insured and the insured dies prior to judgment.

The plaintiff's claim is for damages sustained when she was injured while a passenger in a car owned by the deceased and operated by his wife, Jeannette. The trial justice denied the substitute motion on the ground that since the liability of the defendant was joint, the deceased's wife was an insured under the policy, and thus the statute was inapplicable.

In the past we have noted that the language of § 27-7-2 is "free from ambiguity and expresses a plain and sensible meaning" and "the meaning so expressed will be conclusively presumed to be the one intended by the Legislature." *Markham v. Allstate Insurance Co.*, 116 R.I. 152, 155-56, 352 A.2d 651, 653 (1976); *see also Deignan v. Hartford Accident & Indemnity Co.*, 116 R.I. 498, 358 A.2d 675 (1976). Since the statutory command found in·§ 27-7-2 is clear and direct, the motion justice erred.

Consequently, the petition for certiorari is granted, the denial of the plaintiff's motion to substitute the Allstate Insurance Co. (Allstate) is quashed, Allstate shall be added as a party defendant, and the papers in

the case are remanded to the Superior Court with our decision endorsed thereon.