■ RONALD J. TOPAL, Appellant, v BFG CORPORATION et al., Respondents. — In an action to recover damages, *inter alia,* for breach of contract, plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Beisheim, J.), entered May 14, 1984, as, upon renewal, adhered to its prior determinations which denied his motion for substitution of the administratrix of the estate of the deceased defendant Bernard Greene.

Order affirmed, insofar as appealed from, with costs.

Plaintiff commenced this action against BFG Corporation and Bernard Greene to recover damages, *inter alia,* for breach of a construction contract. Defendant Greene thereafter moved for summary judgment dismissing the complaint as to him upon the ground that only the corporate defendant had been a party to the contract. However, Special Term (Rubenfeld, J.), denied the motion, stating, "Issues of fact exist with respect to whether movant was to be individually liable on the contract".

While the action was pending, defendant Greene died, and plaintiff moved pursuant to CPLR 1015 (a) to substitute Anita Greene, the decedent's widow and the administratrix of his estate, as a party defendant in the action. The moving papers were served by ordinary mail upon the administratrix and upon the attorney who had represented both defendants prior to Bernard Greene's death. Although the administratrix did not appear in opposition to the motion, Special Term (Beisheim, J.), denied the motion "with leave to renew upon papers which show that the cause of action survives against the decedent's estate".

Plaintiff thereafter moved, by order to show cause (Beisheim, J.), for an order granting leave to renew the motion for substitution and, upon renewal, granting the motion. Pursuant to the terms of the show cause order, service of the moving papers upon the administratrix was made by certified mail, with personal service upon the attorney, but no opposition was forthcoming. Nevertheless, Special Term (Beisheim, J.), again denied the motion "with leave to renew upon papers which show that the cause of action survives against the decedent's estate". The court stated, "There is nothing in the pleadings or this motion to show that the defendant, Bernard Greene, is liable to the plaintiff on any cause of action. Bernard Greene denied in his answer being a party to the contract or entering into any agreement with the plaintiff. If these allegations are true, then there is no liability of the defendant, Bernard Greene which survives against his estate".

By order to show cause (Kelly, J.), plaintiff again moved for an order granting leave to renew and, upon renewal, granting the prior motion. The moving papers were served upon the administratrix and the attorney by express mail, as authorized by the show cause order. Neither the administratrix nor the attorney appeared in opposition to the motion. By order entered May 14, 1984, Special Term (Beisheim, J.), granted the motion for renewal and, upon renewal, adhered to its original determination. Plaintiff has appealed from that order, and we now affirm, insofar as appealed from, although not on the rationale advanced by Special Term.

CPLR 1015 (a) provides: "If a party dies and the claim for or against him is not thereby extinguished the court shall order substitution of the proper parties." In this case, plaintiff's claims, in the nature of breach of contract and injury to property, were not extinguished by reason of defendant Greene's death, and the action could therefore be continued against the personal representative of the decedent (EPTL 11-3.1, 11-3.2 [a] [1]). Thus, this was a proper case for substitution of the administratrix of the decedent's estate as a party defendant (CPLR 1015 [a]). Moreover, it was error to require plaintiff to show, on his motion for substitution, that the decedent was personally liable on any cause of action alleged in the complaint. Special Term had already held, in denying the decedent's motion for summary judgment, that there were issues of fact as to his personal liability requiring a trial and that determination became the law of the case (see, Martin v City of Cohoes, 37 NY2d 162, 165).

Notwithstanding the foregoing, we conclude that plaintiff's motion for substitution was properly denied. Where the personal

representative is not yet a party to the action, service of the notice of motion of substitution (or the order to show cause) must be made in the manner prescribed for service of a summons under CPLR article 3 (*Lewis v Lewis,* 43 Misc 2d 349; *see also,* 2 Weinstein-Korn-Miller, NY Civ Prac, ¶ 1021.05; Siegel, NY Prac § 186). "The procedure for revival of an action by substitution of the personal representative, far from being a mere technical formality, is, rather, the recognized means by which a court obtains jurisdiction over the personal representative" (*Matter of Einstoss,* 26 NY2d 181, 190), and it is therefore "necessary that the representative be served with process and accorded 'all the procedural safeguards required by due process of law' before the court may enter a binding judgment against him" (*Matter of Einstoss, supra,* p 191). Thus, service of the papers in the manner prescribed for motion papers generally (*see,* CPLR 2103, 2214) will not suffice, and the order denying the motion for substitution must therefore be affirmed, insofar as appealed from. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.