OPINION OF THE COURT
Arthur W. Lonschein, J.
This action arising out of a motor vehicle accident was stricken from the Trial Calendar in August of 1987, due to the death of the defendant Americo Conca, a resident of the State of Rhode Island. In September of 1988 the plaintiffs moved to restore the matter to the Trial Calendar, but this motion was denied since no personal representative had been appointed for the deceased defendant.
The plaintiffs now seek to continue the action against the deceased defendant only to "the limits of said defendant’s insurance coverage”. In order to achieve this, the court is urged to import Rhode Island’s "direct-action” statute, which permits a plaintiff to continue an action against a deceased defendant’s insurance company. Since the court concludes that the procedure adopted by the plaintiffs is improper, the motion must be denied without deciding whether the Rhode Island statute is available.
The court pointed out at the time the action was stricken from the calendar that the decedent’s heirs were under no obligation to petition for the appointment of an administrator, either here or in Rhode Island, and that the decedent’s former attorneys were without standing to take any action, since their relationship with the decedent ended at the moment of his death. The court advised the plaintiffs that they had two courses of action open to them: they could themselves petition for such an appointment in New York (see, SCPA 1002 [1]), or they could move for a severance of the action as against the decedent and proceed against the living defendants.
Faced with a choice between these two evidently unpalatable alternatives, plaintiffs have chosen a third. Rhode Island’s "direct-action” statute (RI Gen Laws § 27-7-2) allows a plaintiff, at his option, to substitute a deceased defendant’s insurer for the decedent. (Markham v Allstate Ins. Co., 116 RI 152, *117 352 A2d 651; Deignan v Hartford Acc. & Indem. Co., 116 RI 498, 358 A2d 675.) Plaintiffs claim that under settled choice-of-law rules the court is required to adopt the Rhode Island statute, citing Oltarsh v Aetna Ins. Co. (15 NY2d 111 [which allowed adoption of the Puerto Rico direct-action statute]) and Babcock v Jackson (12 NY2d 473).
Former counsel for the decedent, while recognizing that they have no formal standing since the death of their client, have submitted opposition papers in which they argue that the facts here are distinguishable from Oltarsh (supra), in that the accident here occurred in New York, while in Oltarsh the accident happened in Puerto Rico, whose statute the plaintiff sought to use.
Apparently, the procedure envisaged by the plaintiffs is that the action will simply continue against the deceased defendant, without the formal substitution of any party in his place. They have not even identified the insurer issuing the policy upon which they propose to proceed. This procedure is, of course, impossible and is not even the result which would obtain in Rhode Island. The action against Conca abated upon his death, and while it was not extinguished, it can only be revived against his estate by the formal substitution of an administrator. (Matter of Einstoss, 26 NY2d 181.) Here, there is no administrator, and the action cannot continue as against the estate unless and until one is appointed and properly substituted (see, Topal v BFG Corp., 108 AD2d 849).
Assuming, without deciding, that the Rhode Island statute is available to the plaintiffs, there must be a formal substitution of parties. This requires the plaintiffs to secure personal jurisdiction over the insurer, just as if they were seeking to substitute the administrator. Where the insurer is not yet a party, they must serve the notice of motion for the substitution upon the insurer in the same manner as a summons. (Topal v BFG Corp., supra.)
The court fails to understand the reason for the plaintiffs’ delay in this straightforward matter, or why the plaintiffs are so reluctant to simply obtain the appointment and substitution of an administrator, who would presumably have the benefit of the decedent’s insurance policy. The court has long since lost patience with the endless, pointless motion practice in this action, by all parties. Since 1986 there have been not less than 12 motions here.
This action was deemed abandoned and dismissed in *118 1988, a year after it was marked off the Trial Calendar, regardless of the fact that no formal order has been entered to that effect. (CPLR 3404; Rosser v Scacalossi, 140 AD2d 318.) At this stage, the plaintiffs will have to move, not for simple restoration, but for an order vacating that automatic dismissal. (Leone v Bates Plan-A-Home, 144 AD2d 759.) Such a motion is addressed to the court’s discretion, and requires, among other things, a reasonable excuse for the delay and a showing of a lack of intent to abandon the action. (Rosser v Scacalossi, supra; Malpass v Mavis Tire Supply Corp., 143 AD2d 890.) While the plaintiffs’ fruitless maneuverings may not bespeak an abandonment, the time is rapidly approaching, if not already past, when their delay will have become unreasonable past any redemption.