Richard GIROUX

v.

PURINGTON BUILDING SYSTEMS,
INC. et al.

v.

GUSTAFSON STEEL ERECTORS, INC.

No. 93–720–M.P.

Supreme Court of Rhode Island.

Jan. 25, 1996.

Kevin J. Holley, Providence, for Plaintiff.

Dennis J. Roberts, II, Adam Robitaille,
Providence, for Defendant.

## OPINION

MURRAY, Justice.

This case comes before us on the petition of the codefendants, insurer Aetna Casualty and Surety Co., Inc. (Aetna), and insured/manufacturer Inland Buildings, Inc. (Inland), for certiorari. Aetna contends that the trial court erred in granting the motion of the plaintiff, Richard Giroux (Giroux), to substitute Aetna as a defendant in place of Inland. For the reasons stated below, the petition for certiorari is denied and the order of the Superior Court is affirmed.

This action arises out of an injury allegedly sustained by Giroux while he was working as an employee of Gustafson Steel Erectors, Inc. (Gustafson), a subcontractor for Purington Building Systems, Inc. (Purington). Giroux alleges that on November 2, 1987, while working on a job site in Westerly, Rhode Island, he was struck by a section of prefabricated roof decking, causing him to fall from the roof of a structure he was building and thereby sustain severe injuries. The roof decking, as well as the other components of the building, were designed and manufactured by Inland.

In his complaint filed in the Superior Court on September 13, 1990, against Purington and Inland, Giroux alleged that Purington was negligent in maintaining a safe job site and that both Purington and Inland had negligently designed, manufactured, and sold the prefabricated building. Subsequently Purington filed a third-party complaint against Gustafson on December 11, 1990, alleging that Gustafson had agreed to indemnify Purington against all claims incident to Gustafson's performance on the job site. Purington further filed a cross-claim against Inland in April 1992.

On August 3, 1993, pursuant to an admission requested by Giroux, Inland admitted that it had applied for and received protection under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 1101-1146, on September 10, 1992, by the United States Bankruptcy Court for the Eastern District of

Wisconsin, that it had a policy of liability insurance; and that Aetna was Inland's liability insurer. In response to Inland's admissions, and pursuant to G.L.1956 (1989 Reenactment) § 27-7-2.4, Giroux filed a motion on August 16, 1993, to substitute for Inland its insurance carrier, Aetna, as defendant. In response to Giroux's motion to substitute, Inland asserted before the Superior Court that relief from the automatic stay imposed by the Bankruptcy Court pursuant to 11 U.S.C. § 362 is a condition precedent to the Superior Court's having proper jurisdiction to substitute Aetna as defendant. The Superior Court, finding that the language of § 27-7-2.4 did not require relief from the automatic stay as a condition precedent to be utilized, granted the motion to substitute on September 2, 1993.[1]

On December 28, 1993, Aetna and Inland filed a petition for writ of certiorari with this court, seeking a review of the Superior Court's substitution order. Certiorari was granted by this court on June 30, 1994. Subsequently, July 26, 1994, Giroux filed a motion to modify the automatic stay with the United States Bankruptcy Court for the Eastern District of Wisconsin, pursuant to 11 U.S.C. § 362(d)(1), to allow Giroux to pursue his suit against Aetna. The Bankruptcy Court subsequently ordered that the automatic stay be modified to allow "the courts of the State of Rhode Island to interpret and apply their statutes and to determine against whom petitioner's action may proceed and who may be designated as the defendant of record in said action."

In their petition for certiorari Inland and Aetna argue that substitution of Aetna for Inland is no longer necessary because the Bankruptcy Court's order granting relief from the automatic stay allows Giroux once again to proceed with his claim against Inland directly. Further, Inland and Aetna assert that under the language of § 27-7-2.4 substitution is permissive and discretionary and that the Superior Court in this case erred in not using its discretion under a permissive statute to protect Aetna from the

---

1. On December 21, 1993, Giroux and Purington entered a dismissal stipulation which dismissed Giroux's complaint against Purington and fur-

ther dismissed Purington's third party complaint against Gustafson.

substantial prejudice created by its substitution as defendant. Finally, Inland and Aetna argue that the direct-action statute is unconstitutional because it intrudes upon the ability of the Bankruptcy Court to protect the assets of the debtor and is thus pre-empted by federal law.

Giroux asserts that the language of § 27–7–2.4 is clear and unambiguous and that the statute does not require a determination by a court that substitution must be necessary or reasonable. Thus, this court must address two issues: (1) whether substitution of a defendant under the statutory language and intent of § 27–7–2.4 is permissive and judicially discretionary and (2) whether § 27–7–2.4 so frustrates the aims of federal bankruptcy law that it is pre-empted by federal law and therefore unconstitutional.

In addressing the question of whether substitution is permissive and judicially discretionary under § 27–7–2.4, we begin our analysis by reviewing the statutory language of § 27–7–2.4, entitled "Direct action against insurer upon filing for bankruptcy," which states as follows:

> "Any person, having a claim because of damages of any kind caused by the tort of any other person, may file a complaint directly against the liability insurer of the alleged tort-feasor seeking compensation by way of a judgment for money damages whenever the alleged tort-feasor files for bankruptcy, involving a reorganization for the benefit of creditors or a wage earner plan, provided that the complaining party shall not recover an amount in excess of the insurance coverage available for the tort complained of."

Although this is the first opportunity for this court to address the meaning of § 27–7–2.4, we have previously analyzed § 27–7–2, a similar direct-action statute. *Gnys v. Amica Mutual Insurance Co.*, 121 R.I. 131, 396 A.2d 107 (1979); *Markham v. Allstate Insurance Co.*, 116 R.I. 152, 352 A.2d 651 (1976). In *Markham* the injured party sought to substitute the deceased tort-feasor's insurer as a defendant, which was provided for by § 27–7–2. The insurer argued, however, that because there was a personal representative of the tort-feasor's estate available as a defen-

dant, substitution was inappropriate and prejudicial to the insurer. 116 R.I. at 155, 352 A.2d at 653. We held in *Markham* that because "the language of the statute is clear and unambiguous and declares its own meaning * * * the injured party may proceed directly against the insurer. There are no conditions attached to this choice granted to the injured party." *Markham*, 116 R.I. at 156, 352 A.2d at 654. In *Gnys* the insurer questioned whether substitution of the insurer based upon a *non est inventus* return of process was appropriate under § 27–7–2 when the the insurer provided an answer that was the functional equivalent of service for the defendant. We held in *Gnys* that the clear and unambiguous language of § 27–7–2 allowed the plaintiff to substitute the insurer, regardless of the insurer's subsequent acts, if process was returned *non est inventus*. *Gnys*, 121 R.I. at 135, 396 A.2d at 109.

■ This court has held that where the language of the statute is clear and unambiguous and "expresses a plain and sensible meaning, the meaning so expressed will be conclusively presumed to be the one intended by the Legislature." *Markham*, 116 R.I. at 156, 352 A.2d at 653. The language of § 27–7–2.4 clearly and unambiguously allows the injured party to substitute the tort-feasor's liability insurer as defendant after the tort-feasor files for bankruptcy. Further, the statute does not expressly call for any other condition to be met in order for the injured party to substitute the insurer as a defendant. Although Inland and Aetna assert that the permissive nature of the statute requires judicial discretion in its application, we hold that there is no provision under the clear and direct language of § 27–7–2.4 that would mandate this step in the application of the statute.

As the record indicates, Inland filed for and received protection under chapter 11 of the United States Bankruptcy Code. Under the clear and unambiguous language of § 27–7–2.4, it is this occurrence and nothing more, that entitles Giroux to substitute Aetna, the bankrupt's liability insurer, for Inland as defendant.

■ Further, the record indicates that Inland and Aetna argued before the Superior Court that Giroux must secure a modification of the automatic stay imposed by the Bankruptcy Court in order for the Superior Court to obtain authorization to hear a motion to substitute defendants. Although the Superior Court denied Aetna's objection and Giroux subsequently obtained a modification of the automatic stay, it is apparent to this court from the clear and unambiguous language of § 27–7–2.4 that because there are no conditions precedent set forth in the language of the statute except the filing-for-bankruptcy protection by the tort-feasor, we must conclusively presume that a party need not obtain a modification of a Bankruptcy Court's automatic stay in order to substitute a bankrupt tort-feasor's insurer as defendant under § 27–7–2.4.

However, Inland and Aetna assert that the Bankruptcy Court's order modifying the automatic stay makes substitution of Aetna as defendant unnecessary since Giroux may now pursue his claim directly against Inland. Unfortunately this argument fails to recognize that the Bankruptcy Court's order was limited to "allow[ing] the courts of the State of Rhode Island to interpret and apply their statutes and to determine against whom petitioner's action may proceed and who may be designated as the defendant." Thus the language of the order indicates that the intent of the Bankruptcy Court was to modify the automatic stay to allow the Superior Court authorization to determine Giroux's motion to substitute Aetna as defendant, not to re-expose Inland to the judgment of the Superior Court. Therefore, Giroux 's direct action against Aetna is not foreclosed by the Bankruptcy Court's modification of the automatic stay because the automatic stay, as it applies directly to Inland, has not been modified and remains operative.

Inland and Aetna next assert that § 27–7–2.4 is pre-empted by existing federal bankruptcy law because it impedes the ability of the Bankruptcy Court to protect the assets of the bankrupt by exposing the bankrupt's liability insurer to claims that preceded the filing for bankruptcy protection. Giroux argues that Inland and Aetna waived their right to contest the constitutionality of the statute since they not only failed to address the issue in their petition for certiorari but also failed to notify the Attorney General of this state pursuant to Rule 24(d) of the Superior Court Rules of Civil Procedure.

■ The Constitution of the United States, Article 1, section 8, cl. 4 states explicitly that "[t]he Congress shall have the the the power * * * [t]o establish * * * uniform laws on the subject of bankruptcies throughout the United States." The language of the bankruptcy clause has endowed Congress with the power to enact a national bankruptcy law that, pursuant to the supremacy clause of the United States Constitution, shall preempt any state bankruptcy law. *Texaco, Inc. v. Liberty National Bank & Trust Co. of Oklahoma City,* 464 F.2d 389, 392 (10th Cir.1972). Furthermore, the United States Supreme Court has held that federal bankruptcy law pre-empts any state law that may interfere with the bankruptcy laws or create additional regulations. *International Shoe Co. v. Pinkus,* 278 U.S. 261, 49 S.Ct. 108, 73 L.Ed. 318 (1929); *see In re Colonial Realty Investment Co.,* 516 F.2d 154 (1st Cir.1975). For well over a century this court has recognized that the passage of federal bankruptcy laws has pre-empted our state law of insolvency and the rights of debtors. *In the Matter of Reynolds,* 8 R.I. 485 (1867).

In the instant case, Inland and Aetna assert that § 27–7–2.4 is pre-empted by federal bankruptcy law because an asset of the debtor, namely, Inland's liability-insurance coverage, will not be protected for the debtor's creditors if Giroux is allowed to proceed directly against Aetna in Superior Court, thereby impeding the ability of the bankruptcy laws to protect the assets of the debtor.

Although the question of whether a policy of liability insurance is an asset of the debtor that would fall under the control of a Bankruptcy Court is one of first impression for this court, this issue has been addressed by other jurisdictions. *Tringali v. Hathaway Machinery Co.,* 796 F.2d 553 (1st Cir.1986); *A.H. Robins Co. v. Piccinin,* 788 F.2d 994 (4th Cir.1986). Those cases stand for the proposition that the debtor's liability policies

were assets that were entitled to the protection of the bankruptcy laws. However, Aetna's reliance upon those cases is misguided for the facts in both *Robins* and *Tringali* are distinguishable from the facts in the instant case.

The defendant's liability policies in both *Robins* and *Tringali* were subject to multiple claims from different parties. In fact the court in *Tringali* recognized the need to protect an insurance policy with the automatic stay of the Bankruptcy Court from multiple claimants, for to do otherwise would result in a "race to the courthouse whenever a policy is too small to satisfy several potential plaintiffs." *Tringali*, 796 F.2d at 560. Following the same reasoning, the court in *Robins* determined that a preliminary injunction barring potential plaintiffs from proceeding directly against a debtor's insurer was correctly granted because of the need to protect the asset for potential claimants.

■ However, we are of the opinion that when there is only one claimant of a liability-insurance policy, exposing the policy to the plaintiff by substituting the insurer directly as the defendant does not result in the harms to the debtor and its creditors alluded to by the courts in *Tringali* and *Robins*. *See Aaron v. Bankers and Shippers Insurance of New York*, 475 So.2d 379 (La.Ct.App.1985) (holding that even though a plaintiff may proceed directly against an insurer under LSA–R.S. 22:655, a court may refuse action against the insurer if the bankrupt's assets are threatened). Since substituting the insurer as defendant results in no harm to the other creditors of the debtor when there is but one claimant against the policy, we therefore hold that substitution of the insurer does not frustrate the goals of federal bankruptcy law. In the instant case there is nothing on the record to indicate that there are any other claimants against Inland's insurance policy with Aetna. Because Giroux is the only claimant against Inland's policy with Aetna, no harm can come to Inland's other creditors since they are not entitled to the funds from the liability insurance in any event. Although we recognize that other situations may arise wherein the substitution of a debtor's insurer may cause harm to other creditors and claimants, under the unique set of facts presented by this case, we hold that substitution under § 27–7–2.4 is not preempted by federal law and is thus constitutional.

■ In response to Giroux's waiver argument, we find that Inland and Aetna have not waived their right to assert the constitutionality of § 27–7–2.4. Giroux's assertion that the defendants did not address the constitutionality of the statute in their petition for certiorari is misguided. An inspection of the record shows that the defendants fully developed their constitutional arguments in their memorandum in support of their petition for certiorari to this court. Second, although Rule 24(d) of the Superior Court Rules of Civil Procedure requires that parties must notify the Attorney General when a state statute is challenged on constitutional grounds, this court has held that failure to comply with either Rule 24(d) or Supreme Court Rule 32(b) does not mandate dismissal of the claim when the statute in question is found to be constitutional. *Power v. City of Providence*, 582 A.2d 895, 901 n. 6 (R.I.1990). Therefore, the remedy for failure to comply with Rule 24(d) is determined entirely by this court's determination of the constitutionality of § 27–7–2.4. In the instant case we have addressed Inland and Aetna's constitutionality claims relating to § 27–7–2.4 and find them to be without merit.

Accordingly the petition for certiorari is denied, and the writ heretofore issued is quashed. The judgment of the Superior Court is affirmed, and the case may be remanded to the Superior Court for further proceedings.