DECISION
Nancy Baxendale (plaintiff) has filed a motion pursuant to G.L. 1956 § 27-7-2.4 to substitute Legion Insurance Company and Psychiatrists Risk Retention Group, Inc. (insurers) for defendant doctor Carol Martin, who filed a petition for bankruptcy on August 27, 1998. The insurers contend that this Court possesses discretion under G.L. 1956 § 27-7-2.4 to refuse said substitution.
 Facts and Travel
In July 1988, the plaintiff entered into a doctor-patient relationship with Dr. Carol Martin for psychiatric treatment. The plaintiff contends that a sexual relationship, which arose between her and the defendant in 1991, resulted in intermittent periods of cohabitation from that time until 1994.
On May 9, 1994, the plaintiff made a demand for monetary damages as a result of the relationship that had existed between her and the defendant. The demand was unsuccessful, and the plaintiff thereafter filed a multi-count psychiatric malpractice action against the defendant alleging malpractice, breach of fiduciary duty, reckless and negligent infliction of emotional distress, invasion of privacy, breach of contract, money had and received, fraud, and unfair or deceptive trade practices under G.L. 1956 § 6-13.1-5.2.
In May 1996, the insurers provided independent counsel for the defendant in the state action, and then sought a declaratory judgment in federal court under 28 U.S.C. § 2201 to ascertain whether the insurance contract issued to the defendant provided for indemnification of the defendant. The federal action for declaratory judgment was subsequently stayed. Additionally, in the fall of 1996, the insurers motioned to intervene in the state action for the limited purpose of submitting interrogatories to the jury regarding coverage issues. The motion was denied.
On February 4, 1997, the plaintiff sought leave of this Court to file an amended complaint to join the insurers as defendants and requested a declaratory judgment under G.L. 1956 § 9-30-1. The plaintiff sought a declaration that the policy of insurance issued by the insurers provided coverage for the claims of the plaintiff and that the insurers therefore had a duty to indemnify the defendant. The state court granted the plaintiff's motion to amend her complaint, and the federal court ordered a continuance of the stay of the federal proceedings.
The insurers then filed a motion to dismiss the amended complaint, to which the plaintiff objected, arguing that G.L. 1956 § 27-7-2 prohibited the plaintiff from joining the defendant insured's insurers as defendants in her action against the insured. The motion was granted.
On August 27, 1998, the defendant filed a petition for bankruptcy under Chapter 7 in the United States Bankruptcy Court for the Eastern District of North Carolina. On November 30, 1998, the defendant was granted a discharge under section 727 of title 11 of the United States Code. On January 25, 1999, a dismissal stipulation was entered which stated that the plaintiff agreed to dismiss the actions for reckless infliction of emotional distress, breach of contract, money had and received, invasion of privacy, fraud, and unfair or deceptive trade practices under G.L. 1956 § 6-13.1-5.2. The plaintiff now moves to substitute the insurers as defendants for the remaining claims under G.L. 1956 § 27-7-2.4, entitled "Direct action against insurer upon filing for bankruptcy." The insurers object to this motion on the grounds that the defendant's liability insurance policy is property of the bankruptcy estate which is protected by the automatic stay provision of the federal bankruptcy laws. Furthermore, since a question exists as to whether the insurers even have a duty to indemnify the defendant, the insurers contend that substitution would only harm the defendant and frustrate the purpose of the bankruptcy laws. As such, the insurers request that the motion to substitute be denied.
 Substitution under G.L. 1956 § 27-7-4.2
Section 27-7-2.4, entitled "Direct Action Against Insurer Upon Filing of Bankruptcy," provides that:
 "Any person having a claim because of damages of any kind caused by the tort of any other person, may file a complaint directly against the liability insurer of the alleged tortfeasor seeking compensation by way of a judgment for money damages whenever the alleged tortfeasor files for bankruptcy, involving a chapter 7 liquidation, a chapter 11 reorganization for the benefit of creditors or a chapter 13 wage earner plan, provided that the complaining party shall not recover an amount in excess of the insurance coverage available for the tort complained of."
Section 27-7-2.4 was interpreted by our Supreme Court in Girouxv. Purlington Building Systems, Inc., 670 A.2d 1227 (RI 1996). The Court held that "[t]he language of § 27-7-2.4 clearly and unambiguously allows the injured party to substitute the tort-feasor's liability insurer as defendant after the tort-feasor files for bankruptcy. Further, the statute does not expressly call for any other condition to be met in order for the injured party to substitute the insurer as a defendant." Giroux, 670 A.2d at 1229. Section 27-7-2.4 therefore sets forth no conditions precedent, other than the filing of a bankruptcy petition by the tort-feasor, in order to substitute the tort-feasor's liability insurance carrier. Id.
The insurers argue that "[t]his Court has the discretion to refuse substitution of a defendant under [G.L. 1956 §] 27-7-2.4
when such substitution would harm the defendant in bankruptcy and frustrate the goals of the bankruptcy laws." The insurers contend that the facts presented in the matter at issue differ from the facts of Giroux, as here there exists a threshold issue of coverage. The insurers maintain the claims asserted by the plaintiff are not covered under the defendant's liability policy and, as such, the liability policy will be rendered valueless resulting in the defendant's bankruptcy estate potentially being exposed to liability Id.
In Giroux, the Court based its decision to permit the bankrupt tort-feasor's liability insurance carrier to be substituted as a defendant upon the plain and unambiguous language of § 27-7-2.4. On the issue of whether substitution of a defendant under the statutory language and intent of § 27-7-2.4 was permissive and judicially discretionary, the Court held that "the language of §27-7-2.4 clearly and unambiguously allows the injured party to substitute the tort-feasor's liability insurer as defendant after the tort-feasor files for bankruptcy [and] . . . there is no provision under the clear and direct language of § 27-7-2.4
that mandates judicial discretion in its application.
Under the plain reading of G.L. 1956 § 27-7-2.4, there is no prerequisite that the claims of the plaintiff fall within the scope of coverage of the insurance policy before the insurer may be substituted. According to Giroux, all that is required is that the tort-feasor file for bankruptcy and that the injured party have a claim for damages as the result of the tort-feasor's tort. The record indicates that the defendant doctor filed for and received protection under Chapter 7 of the United States Bankruptcy Code and that the plaintiff has a claim for damages as a result of the past relationship between her and the defendant doctor. Therefore, under the clear and unambiguous language of G.L. 1956 § 27-7-2.4, these two occurrences alone trigger the right of the plaintiff to substitute Legion Insurance Company and Psychiatrists Risk Retention Group, the bankrupt defendant doctor's liability insurer, for Dr. Martin as defendants. Accordingly, G.L. 1956 § 27-7-2.4 does not preclude substitution based solely upon the fact that the issue of coverage under the insurance policy has not been resolved.
 The Automatic Stay under Federal Bankruptcy Law
The insurers next argue that substitution is precluded since the defendants liability insurance policy is part of the bankruptcy estate, which is protected by the automatic stay provision of 11 U.S.C. § 362 and that the automatic stay provision takes precedence over and preempts G.L. 1956 §27-7-2.4. The insurers assert that § 27-7-2.4 "impermissibly grants jurisdiction in the state superior court to adjudicate claims against [the defendant's] property, in violation of one of the primary purposes of the Bankruptcy Act." It is the defendant's contention that the substitution "will serve to compromise an asset in [the defendant's] bankruptcy estate, m direct contravention of the purpose of the automatic stay provision of the Bankruptcy Act."
A policy of liability insurance is generally held to be an asset of the debtor which is subject to the automatic stay order that results when an individual files for bankruptcy. SeeTringali v. Hathaway Machinery Co., 796 F.2d 553, 560 (1st Cir. 1986); A.H. Robins Co,. v. Piccinin, 788 F.2d 994, 1001 (4th Cir. 1986). However, our Supreme Court has held that "where there is only one claimant of a liability-insurance policy, exposing the policy to the plaintiff by substituting the insurer directly as the defendant does not result in the harms to the debtor and its creditors alluded to by the courts in Tringali and Robins."Giroux, 670 A.2d at 1230. The Court further declared that "since substituting the insurer as defendant results in no harm to the other creditors of the debtor when there is but one claimant against the policy, . . . substitution of the insurer does not frustrate the goals of federal bankruptcy law." Id. at 1231.
Tringali and Robins involved numerous claims from different parties warranting the courts in those two cases to hold that the insurance policy had to be considered an asset of the estate which was safeguarded by the automatic stay provisions in order to ensure that the asset would be protected. Contrary to the insurer's contention, the facts present in this case do not constitute the type of "other situation" our Supreme Court mentioned in Giroux. In Giroux, the Supreme Court recognized "that other situations may arise wherein the substitution of a debtor's insurer may cause harm to other creditors and claimants." Id. at 1231. However, the Court went on to state that under the unique set of facts present in Giroux, substitution under § 27-7-2.4 would not cause harm and was therefore not preempted by federal law. Id. As in Giroux, here there is no evidence on the record to indicate that, besides the plaintiff, there are any other claimants against the defendant's insurance policy. Therefore, as in Giroux, the plaintiff here is the only claimant against Dr. Martin's policy with the insurers and, as such, no harm can befall the defendant's other creditors who are not entitled to the funds from the liability insurance in any event.
For the reasons herein stated, this Court grants the plaintiff's motion to substitute Legion Insurance Company and Psychiatrists Risk Retention Group for the bankrupt defendant doctor for the claims under G.L. 1956 § 7-7-2.4.
Counsel shall prepare the appropriate order.