STATE *vs.* VICTOR JOHNSON.

NOVEMBÉR 16, 1935.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

CAPOTOSTO, J. The defendant, who was indicted on a charge of assault with intent to commit rape, filed a motion entitled: "Motion in the nature of a plea in abatement" claiming that the indictment was illegally obtained and therefore should be "abated and quashed" for the reason "that while the grand jury were hearing testimony upon the subject of the indictment, other witnesses than the witness testifying, police officers and other persons, were present in the grand jury room; and the defendant was greatly harmed and suffered harm from their presence." The state, thereupon, filed a motion to dismiss and a demurrer to the defendant's motion. The grounds set forth in the demurrer and the motion to dismiss are identical except that in the motion to dismiss there is the additional ground that the matter urged by the defendant in his "motion in the nature of a plea in abatement" should be urged and pleaded by a plea in abatement. In this state of the pleadings the trial justice proceeded to hear both matters at the same time as if one were the equivalent of the other, and at the end

of that hearing he sustained the demurrer and also granted the state's motion to dismiss. The case is before us on defendant's exceptions to these rulings of the trial court.

We have carefully examined the entire transcript of the proceedings in this case because of the defendant's claim that the indictment under which he is being prosecuted was not found by the grand jury according to law for the reason that he specifies. The issue is important and would deserve careful consideration if it were in fact before us. The transcript shows, however, that the question which the defendant seeks to raise is not properly before this court at the present time.

Preliminary matters of pleading and procedure were evidently overlooked by the trial court. Without passing any judgment upon the defendant's "motion in the nature of a plea in abatement" either as to its form or substance, we wish to state generally that by a true plea in abatement a defendant presents an excuse for refusing to answer the charge. It may be directed to a matter of record or it may set up facts outside the record. Although a plea in abatement, being usually of a dilatory nature, is regarded with disfavor and will be strictly construed by the court, yet where the plea is sufficient in form and sets up facts, which, if true, would void the indictment, then the court is bound to give serious consideration to the defendant's claim, for it may involve the violation of a constitutional right of the defendant that the court is bound to protect.

The state must take issue on the plea either by demurrer or replication. Inasmuch as the statute of jeofails does not apply to criminal proceedings—Black. Comm. (Sharwood's), Book IV, chap. 29, vol. 2, *375—a general demurrer may be interposed by the state to reach defects of form as well as of substance. If the state elects not to demur and wishes to join issue on the plea in abatement it must do so by way of replication.

These rules of criminal pleading have been briefly stated by us to show that the trial court was in error when it refused to accede to the defendant's request that he be informed whether the court was passing judgment on the state's demurrer or on its motion to dismiss his "motion in the nature of a plea in abatement." To consider and decide at the same time both the demurrer and the motion to dismiss, when they involve different issues and inconsistent lines of procedure, was a violation of the defendant's right to be tried according to law. As we view the case, the superior court should have first decided the question raised by the state's motion to dismiss the defendant's motion, namely, whether the latter motion was sufficient in form and as a matter of procedure. If the court decided that it was not thus sufficient, the state's motion should have been sustained and the defendant's motion dismissed. On the other hand, if the court decided that the defendant's motion was sufficient in form and as a matter of procedure, and that it legally brought before the court, as a reason for dismissing the indictment, the facts set forth in that motion, the court should thereafter decide the question raised by the state's demurrer, namely, whether the facts thus set forth would, if proven, require the dismissal of the indictment.

The defendant's exceptions are sustained, the decisions excepted to are vacated and the case is remitted to the superior court for further proceedings in accordance with this opinion.

*John P. Hartigan*, Attorney General, *Michael De Ciantis*, 3rd Asst. Attorney General, for State.

*Lester T. Murphy*, for defendant.