319 A.2d 364.

STATE vs. ROBERT L. HAMPTON.

MAY 15, 1974.

PRESENT: Paolino, Joslin, Kelleher and Doris, JJ.

KELLEHER, J. On January 9, 1970 the defendant was charged in a criminal complaint brought by the Warwick Police Department with stealing from one of the state's largest discount houses a pair of pinking shears having a retail value of $7.49. Stripped of its verbiage the complaint charges the defendant with being a shoplifter. The complaint was signed and sworn to by a member of the police department. The warrant for the defendant was issued by a justice of the District Court. When the case came to trial in that court, the defendant, through his counsel, admitted that there was sufficient evidence to convict and pleaded guilty. A fine of $25 was imposed and the defendant took an appeal to the Superior Court. There, defense counsel filed a plea in abatement which alleged that the complaint is defective because its issuance is based on hearsay and information supplied by an informant whose reliability had not been ascertained. The state filed a demurrer in which it alleged that the defendant's plea failed

to set forth sufficient facts which would justify an abatement of the complaint. The demurrer was sustained.[1]

When the case was tried before a Superior Court justice, two detectives employed by the discount house informed the jury how they observed defendant take the shears out of a showcase, secret them on his person, and leave the store. The detectives followed defendant out into the parking lot, identified themselves, and escorted him back into the store where he tried to drop the shears on a counter. Store officials summoned the Warwick police. The lieutenant who responded testified that he submitted a report to his superior officer, Captain Alvin E. Nordquist. It was Captain Nordquist who prepared and signed the complaint which resulted in defendant's arrest.

The total thrust of defendant's appeal concerns the state's demurrer to his plea in abatement. In challenging the correctness of the sustaining of the demurrer, he takes the position that by demurring to his plea in abatement the state has admitted the truth of his allegations and admitted that there was no probable cause for the issuance of the warrant that caused his arrest. The almost identical argument was made, and rejected by us, in *State* v. *Jamgochian*, 109 R. I. 46, 280 A.2d 320 (1971), the difference being that here the prosecution filed a demurrer to the

---

[1]The record shows that two pleas in abatement were filed in this case. Each plea is on a printed form. The allegations in the second form complain about the lack of certainty as to the identity of the sovereign in whose behalf the complainant sought issuance of the warrant. According to the second form, there is an uncertainty whether the person making the complaint is employed by the nation, the state, or the municipality. The state's demurrer was sustained in an order entered by the trial justice as he and other judges sought to dispose of some 150 criminal appeals then pending in Kent County Superior Court that had been taken at various times by defendant's counsel from decisions made in other cases in the District Court. The order sustaining the state's demurrer applied to the present case and 95 others.

plea in abatement while such a step was omitted in the *Jamgochian* case.

Long ago when common-law pleading was in full flourish in this jurisdiction, a plea in abatement was described as an excuse for refusing to answer a charge. *State* v. *Johnson*, 55 R. I. 350, 181 A. 412 (1935). Such a plea can set up facts that are a matter of record or it may allege facts that are outside the record. The court in *Johnson* said that while the plea is dilatory in nature and not regarded with favor, if the plea does set up facts which, if true, would require the dismissal of a criminal process, the court certainly must protect a defendant's constitutional rights. The crucial phrase which is dispositive of this appeal is "facts, which, if true."

Admittedly all of us are aware of the principle which states that a demurrer admits the truth of all facts well-pleaded. However, such an admission is limited to the purpose of determining whether *proof* of the facts alleged in the plea under attack would entitle the pleader to relief. *Berberian* v. *Avery*, 99 R. I. 77, 205 A.2d 579 (1964). Indeed in *Elmasian* v. *Daley*, 87 R. I. 431, 142 A.2d 540 (1958), it was emphasized that ordinarily even in those instances where the demurrer to a plea in abatement has been overruled, the litigant can still have his day in court and be heard as to the facts and law set forth in the plea.[2] A demurrer presents only a question of law. As a rule of pleading, a demurrer admits facts well-pleaded for the sole purpose of determining their legal sufficiency, but as a rule of evidence, a demurrer admits nothing. It is not

---

[2]In *Elmasian* v. *Daley*, 87 R. I. 431, 142 A.2d 540 (1958), we find the exception that proves the general rule. There, the defendant's plea in abatement alleged a prior pending action in the same court between the same parties for the same cause of action. The court ruled that, where in a civil case the plea in abatement constitutes a plea in bar and where facts alleged in the plea are susceptible of judicial notice, the overruling of the demurrer would quash the plaintiffs' writ.

an absolute admission of any fact. *Pease* v. *Phelps,* 10 Conn. 62 (1834); *Commonwealth* v. *Keenan,* 347 Pa. 574, 33 A.2d 244 (1943); 1 Chitty, *Pleading* §663 (13th Am. Ed. 1859).

There has been no concession as to the lack of probable cause for the warrant issued by the District Court.

The defendant's appeal is denied and dismissed.

Mr. Chief Justice Roberts did not participate.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *R. Raymond Greco,* Special Asst. Attorney General, for plaintiff.

*Berberian & Tanenbaum, Aram K. Berberian,* for defendant.