Debra L. VIERRA

v.

RHODE ISLAND MUNICIPAL POLICE ACADEMY et al.

No. 86–276–Appeal.

Supreme Court of Rhode Island.

March 29, 1988.

Lynette J. Labinger, Roney & Labinger, Providence, for plaintiff.

James E. O'Neil, Atty. Gen., Thomas Dickinson, Richard B. Woolley, Asst. Atty. Gen., for defendants.

## OPINION

SHEA, Justice.

This matter is before the Supreme Court on the defendants' appeal from a permanent injunction entered by the Superior Court enjoining the defendants from refusing to issue to the plaintiff a certificate of graduation from the Rhode Island Municipal Police Academy. We affirm the injunction entered by the Superior Court.

The pertinent facts of this case begin in 1983 when plaintiff, Debra L. Vierra, filed an administrative charge of sex discrimination against defendant Rhode Island Municipal Police Academy (the academy) with the Rhode Island Commission on Human Rights and the United States Equal Employment Opportunity Commission. Her complaint included a challenge to the pre-entrance agility test administered by the academy. The complaint was resolved in plaintiff's favor and she was granted relief including the cessation of the challenged pre-entrance agility test, payment of back pay, and attorney's fees.

In August 1984 plaintiff enrolled in and attended the academy under the sponsorship of the Newport police department. Graduation from the academy is a requirement for continued municipal employment (see G.L. 1956 (1984 Reenactment) § 42–28.2–1 and § 42–28.2–8). This course consisted of eighteen weeks of training. In order to graduate, each candidate was required to complete each of the more than seventeen component parts of the course successfully.

On November 23, 1984, the academy informed plaintiff that she had failed the swimming component of the course. Consequently she was dismissed from the academy program.

The plaintiff filed suit against the academy in Newport County Superior Court. (*Vierra v. Commission on Standards and Training of Police Officers, State of Rhode Island*, C.A. No. 84–0537.) She obtained a temporary restraining order that permitted her to be readmitted to the academy to complete the program. The plaintiff returned to the academy and successfully completed the academy program except for the swimming component. She attended the academy's graduation ceremony but was refused a certificate of graduation.

In November 1985 the town of Tiverton hired plaintiff as a probationary municipal police officer. As was the case with her employment with the Newport police, she was required to obtain a certificate of graduation from the academy in order to obtain permanent employment status. The plaintiff, along with the town of Tiverton, petitioned the academy to allow plaintiff to return to the academy program solely to attend and complete the swimming component of the program. The academy denied the request and insisted that she take the entire course again and pass every component in order to obtain a certificate.

As a result of the academy's action, in December 1985 plaintiff applied for and obtained a temporary restraining order enjoining the academy from requiring her to attend and complete successfully any portion of the academy program other than the swimming component. In accordance with that order plaintiff thereafter attended all sessions of the academy swimming component with the trainees then in attendance. In February 1986 plaintiff satisfactorily completed the required swimming course.

In April 1986 plaintiff obtained the permanent injunction enjoining defendants from refusing to issue a certificate of graduation to her. The thrust of plaintiff's argument at the hearing was that the academy deviated from its past practices and procedures by requiring that plaintiff take the entire training program again even though she only failed the swimming component of the program.

At the hearing for the permanent injunction plaintiff presented evidence that be-

tween the years 1977 and 1982 the academy allowed five male recruits who either failed individual courses or did not take one or more courses during their time at the academy to retake the individual courses at a later time without having to repeat the entire program. The academy issued a certificate of graduation to each of these recruits upon their successful completion of the made-up course.

Additional evidence was presented concerning the regulations that govern the academy's training standards. The trial justice found that the academy had no policy or standard prohibiting a candidate from returning to the academy after his or her regularly scheduled class to make up courses that he or she had previously failed. The trial justice also found that the academy regulations did not require that a candidate attend and pass all courses of the program at one session, nor did they limit the number of times a candidate could take a course in order to achieve certification.

Relying upon this evidence, the trial justice concluded that the only fair inference that could be drawn was "the plaintiff's past administrative and legal challenges to activities of the Rhode Island Municipal Police Academy were a substantial and motivating factor in the Academy's decision that plaintiff retake the entire program," thus violating her First Amendment rights and G.L. 1956 (1979 Reenactment) § 28–5–7(E), as amended by P.L. 1982, ch. 299, § 1.[1] She also found that treatment of plaintiff by defendants "was disparate as compared with similarly situated male candidates in the past and thus in violation of her Fourteenth Amendment right of equal protection." She further concluded that defendants failed to produce evidence showing they would have reached the decision in the absence of plaintiff's First Amendment activities.

As a result of these findings the trial justice issued a permanent injunction, enjoining defendants from refusing to issue plaintiff a certificate of graduation. The defendants raise three issues on appeal.

■ The first issue defendants raise is that the trial justice committed reversible error by allowing plaintiff's counsel to act as counsel and witness. *See Judge v. Janicki,* 118 R.I. 378, 374 A.2d 547 (1977). At the hearing on the permanent injunction the trial justice admitted into evidence an affidavit of plaintiff's counsel that identified documents and noticed the absence of documents that were produced for inspection at the academy offices. We find that the trial justice was well within her discretion in admitting this affidavit into evidence.

In *Judge* the attorney who drafted a challenged will testified at trial while a member of his firm acted as counsel. The court addressed the prohibition against a lawyer's acting in dual capacity as lawyer and witness and specifically endorsed Disciplinary Rules 5–102(A)[2] and 5–101(B)[3] of

---

1. General Laws 1956 (1979 Reenactment) § 28–5–7, as amended by P.L. 1982, ch. 299, § 1 provides:

    "It shall be an unlawful employment practice: * * * (E) for any employer or employment agency, labor organization, placement service, training school or center, or any other employee referring source to discriminate in any manner against any individual because he has opposed any practice forbidden by this chapter, or because he has made a charge, testified, or assisted in any manner in any investigation, proceeding, or hearing under this chapter."

2. Disciplinary Rule 5–102(A) states:

    "If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5–101(B)(1) through (4)."

3. Disciplinary Rule 5–101(B) states:

    "A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:
    (1) If the testimony will relate solely to an uncontested matter.
    (2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony."

the Code of Professional Responsibility. 118 R.I. at 386, 374 A.2d at 551.

In the case before us the parties were required to submit affidavits to the court for a hearing on the preliminary injunction which was consolidated with a hearing on the merits as authorized by Rule 65(a)(2) of the Superior Court Rules of Civil Procedure.[4] Accordingly plaintiff's attorney noticed a deposition of the chair of the governing body of the academy, defendant William Tocco, and directed a subpoena duces tecum ordering him to bring all academy records concerning plaintiff, the five male recruits who were allowed to graduate after retaking individual classes, and any other person who attended the academy program without graduating and thereafter returned to retake all or part of the program and all documents that reflected rules or regulations concerning standards, attendance and graduation requirements at the academy *then or formerly in effect*.

The deponent did not bring all subpoenaed documents to the deposition. Because of the time constraints imposed by the order for the preliminary-injunction hearing, the parties agreed that plaintiff's counsel would go to the academy and review the documents that had not been produced. The challenged affidavit is a report on the results of that review. It identifies documents that were produced by defendant and reports on the absence of other requested documents. It contains no comments or opinions of plaintiff's counsel.

The defendants did not dispute the substance of the information contained in the affidavit at the hearing below. They only objected to the form in which it was presented. The affidavit in this case served as a matter of formality to bring before the court substantively uncontested matters. The reason Rule 65(a)(2) allows evidence to be admitted on affidavits at a hearing for a preliminary injunction is that one of the main goals of a preliminary injunction is speedy relief. No error was committed by admitting this affidavit into evidence.

■ Furthermore, even if the preparation of this affidavit did constitute testimony, it is the type of testimony that is permitted by the disciplinary rules of the Code of Professional Responsibility. At the hearing for the preliminary injunction defendants objected to the form in which the information was introduced into evidence. They never disputed the substance of the information contained in the affidavit. Disciplinary Rule 5–102(A) provides that a lawyer may continue to represent a client and testify in a proceeding in circumstances described in D.R. 5–101(B)(1) through (B)(4). Both subcategories (B)(1) ("the testimony will relate solely to an uncontested matter") and (B)(2) ("the testimony will relate to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony") apply here.

■ The defendants next claim that the trial justice committed reversible error by acting on plaintiff's complaint in Providence County Superior Court while a prior action between the same parties on the same subject matter was pending in Newport County Superior Court.

In *Gnys v. Amica Mutual Insurance Co.*, 121 R.I. 131, 136, 396 A.2d 107, 110 (1979), this court "reiterated the well-settled principle that the pendency of a prior action for the same cause and between the same parties within the same jurisdiction may be asserted as a ground for the abatement of the second action." *Id.* The second action will be barred if "a final judgment in the first suit [would] support a plea of res judicata to the issues involved in the second[.]" *Id.* "The doctrine of res judicata requires (1) an identity of the parties, (2) an identity of the issues, and (3) a finality

---

**4.** Rule 65(a)(2) of the Superior Court Rules of Civil Procedure states:

"*Hearing: Consolidation of Hearing with Trial on Merits*. An application for a preliminary injunction shall be heard on evidence or affidavits or both at the discretion of the court.

Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application."

of judgment." *Id.* That is not the case before us.

There is a distinct dissimilarity of issues between the complaints filed by plaintiff in Newport County and in Providence County. In the Newport County complaint, filed in November 1984, plaintiff sought reinstatement to the academy after she had been dismissed for failing the swimming component of the program. The plaintiff was successful in that action. She returned to the academy and completed the remainder of the program except for the swimming component.

In the Providence County complaint, originally filed in December 1985, plaintiff sought to enjoin the academy from requiring her to repeat the entire program to obtain a certificate of graduation. Whereas, in the Newport action, plaintiff sought reinstatement to the academy, in the Providence action she sought an injunction against having to go back to the academy.

In addition, plaintiff's Newport County action was part of the basis for her Providence complaint. She alleged that the academy was requiring her to repeat the entire program "to punish her and retaliate against her for having filed * * * a prior lawsuit against the Police Academy." Because of the dissimilarities of issues involved it is clear that the judgment from the Newport County action would not support a plea of res judicata to the issues involved in the Providence County action. Therefore, this action was properly heard in Providence County Superior Court.

■ The defendants' last point on appeal is that the factual findings of the trial justice were clearly wrong. In her decision the trial justice concluded that plaintiff's filing an administrative charge and instituting a lawsuit challenging the practices of the academy was a "substantial and motivating factor in its decision to decline her request * * * to allow her to return to the program solely to take the swimming course and to issue her a certificate of graduation if she passed it."

The United States Supreme Court in *Mt. Healthy City School District Board of Education v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed. 2d 471 (1977) set forth the standard of proof that a public employee must meet when claiming unlawful discharge[5] for engaging in activity protected by the First Amendment. A plaintiff has the initial burden of showing that his or her conduct was constitutionally protected and that this conduct was a substantial or motivating factor in the employer's decision to discharge him or her. If the plaintiff makes this showing, the burden of proof shifts to the defendant to show by a preponderance of the evidence that it would have reached the same decision in regard to the plaintiff even in the absence of the protected conduct.

It is clear that plaintiff's administrative and legal challenges arise out of a right to petition which right is protected by the First Amendment. *California Motor Transport Co. v. Trucking Unlimited,* 404 U.S. 508, 92 S.Ct. 609, 30 L.Ed. 2d 642 (1972); *Pilkington v. Bevilacqua,* 439 F. Supp. 465 (D.R.I. 1977). Concerning the academy's decision, the trial justice correctly pointed out that seldom will an employer admit that an employee's constitutionally protected conduct was the substantial or motivating factor upon which the employer's decision to discharge the employee was based. *Loeb v. Textron, Inc.,* 600 F.2d 1003, 1014 (1st Cir. 1979). Therefore, proof of retaliatory motivation is often established by circumstantial evidence. *Fishman v. Clancy,* 763 F.2d 485 (1st Cir. 1985).

The trial justice concluded that plaintiff presented more than sufficient evidence at the hearing that was virtually uncontradicted by defendants. Her inference of retaliatory motivation was based upon the direct evidence of "piecemeal" attendance allowed for five male recruits and the lack of academy regulations requiring a recruit to attend and pass all courses of the program at one session.

5. The defendants' refusal to grant plaintiff a certificate of graduation is analogous to a discharge. A certificate of graduation from the academy is required to attain permanent status as a police officer. Without it, plaintiff could never attain this status.

The trial justice found that the academy was unable to show that it would have reached the same decision in the absence of plaintiff's protected conduct. The only explanation for the academy's action requiring plaintiff to retake the entire course was the "manner" in which she had failed the swimming component. In addition, they offered no explanation why the five male candidates were not similarly denied the opportunity to make up one or more failed courses of the program.

Without specifying their reason, the defendants now argue that the factual findings of the trial justice were clearly wrong. Rather they merely offer a blanket objection. "This court has on innumerable occasions stressed that since it is the job of the trial justice to draw the inferences, we will accept a trial justice's inferential factual findings as valid and binding as long as the inferences drawn are logical and reasonably flow from the established facts, even though another set of equally reasonable inferences could be drawn from the evidence." *Pearl Brewing Co. v. McNaboe,* 495 A.2d 238, 242 (R.I. 1985). The trial justice's inferences are reasonable and arise very naturally from the established facts.

For these reasons the defendants' appeal is denied and dismissed, the permanent injunction appealed from is affirmed, and the papers in this case are remanded to the Superior Court.