**FORTE BROTHERS, INC.**

v.

**RONALD M. ASH & ASSOCIATES, INC., et al.**

**No. 90–179–Appeal.**

Supreme Court of Rhode Island.

July 17, 1992.

Michael A. Kelly, John B. Webster, Paul Goodale, Adler, Pollock & Sheehan, Providence, for plaintiff.

Paul P. Baillargon, North Smithfield, for defendants.

OPINION

FAY, Chief Justice.

This is an appeal from a judgment of the Superior Court granting the motion to dismiss of Ronald M. Ash & Associates, Inc. and its two principals (Ash), on C.A. No. 89–4900 (1989 action), the complaint filed by Forte Brothers, Inc. (Forte). The Superior Court concluded that res judicata principles barred this action because it was duplicative of a prior pending negligence action. The Superior Court simultaneously imposed sanctions on Forte's attorneys pursuant to Rule 11 of the Superior Court Rules of Civil Procedure. Forte appeals on the grounds that the Superior Court justice erred in finding the actions duplicative and in imposing Rule 11 sanctions. Ash contends that because the 1989 action was duplicative, the Superior Court correctly dismissed the 1989 action and imposed sanctions for abuse of the pleading process. Because we conclude that the 1989 action is not duplicative of any prior pending action, we find that the Superior Court erred in dismissing the action on res judicata principles and in imposing Rule 11 sanctions on Forte's attorneys. We therefore sustain Forte's appeal and reverse the judgment of the Superior Court with respect to both the dismissal of the 1989 action and the imposition of sanctions. The relevant facts are as follows.

On June 25, 1981, Forte and Ash entered into a contract (1981 contract) whereby Ash was to prepare a feasibility study of the Manville Hydroelectric Dam, which study would include its providing economic, financial, and engineering services as well as preparing cost projections and analyses of the proposed project. This agreement did not contain an arbitration clause by which to settle disputes or claims. The feasibility study was completed during the summer of 1981 and concluded that the project was feasible. On September 21, 1981, Forte entered into a contract with Ash instructing Ash to prepare the licensing application with the Federal Energy Regulatory Commission and to prepare 30 percent of the preliminary engineering drawings, specifications, and cost estimates. Ash continued to provide the requested service to Forte. On November 5, 1984, the parties entered into another contract (1984 contract), according to which Ash was to prepare a dam-safety study, equipment-bid proposals, and final plans and specifications, to perform general supervisory tasks and detailed inspections, and to start up operations. The 1984 contract contained an ex-

press arbitration clause, which stated in pertinent part, "All claims and disputes between the Client and the Engineer arising out of or relating to this Agreement, or the services to be provided herein or breach thereof shall be decided by arbitration."

Ash continued to provide services and cost projections to Forte's financial analysts throughout 1984, projecting costs of approximately $2 million. Forte states that on February 5, 1985, Michael DeFrancesco, one of Ash's principals, disclosed to Forte that the project-cost estimates had increased approximately 50 percent to $3 million. The 1985 financial projections also indicated that the updated increased approximation of cost would result in a negative cash flow and cause projected losses for over twenty years. After having expended over $700,000 on the project, Forte abandoned it because Forte no longer considered the project feasible.

On March 25, 1986, Ash filed a complaint (1986 action) against Forte, alleging that Forte had breached the 1984 contract because it had failed to complete payment as agreed for services rendered. Ash sought $10,972 in damages, the difference between the contract amount and the amount Forte actually paid. In response Forte not only demanded arbitration of the claims alleged in the 1986 action pursuant to the arbitration clause in the 1984 contract but also filed a counterclaim to this complaint. Forte's counterclaim charged that Ash was negligent and breached the 1984 contract. Forte alleges that Ash was negligent because of its continued reliance on the 1981 contract feasibility study and conclusion that the project was economically feasible and because of Ash's subsequent representations that the project remained viable. The Superior Court stayed the 1986 action and referred the matter to arbitration. Arbitration was conducted pursuant to the

Construction Industry Arbitration Rules of the American Arbitration Association. During arbitration the question arose concerning whether Forte's evidence of negligence in the preparation of the 1981 contract feasibility study should be considered by the arbitrators in determining whether Ash breached or negligently performed the 1984 contract by relying on the mistakes allegedly made in the 1981 contract feasibility study. Ash asserted that because the 1981 contract did not contain an arbitration clause, no claims arising out of or facts concerning this contract could be submitted to arbitration. The arbitration proceedings were then suspended pending a judicial determination of the proper scope of arbitrable evidence and issues.

On May 15, 1987, Forte filed an action in Superior Court, seeking a declaratory judgment (1987 action). The 1987 action requested the trial court to declare the rights of the parties and to declare that the 1984 contract mandated that the issue of negligent preparation of the 1981 feasibility study and reliance thereon, as it related to the 1984 contract, be submitted to arbitration. Forte moved for summary judgment in the 1987 action, which Ash opposed, requesting that the 1987 action be assigned to the continuous jury trial calendar pursuant to G.L.1956 (1985 Reenactment) § 10–3–5.[1]

The justice hearing the motion found that Ash had specifically requested a jury trial pursuant to § 10–3–5.[2] He stated: "In this case the defendant [Ash] contends that it is entitled to a jury trial on the issue of whether the 1981 contract is arbitrable. * * * The making of the arbitration agreement or the failure, neglect, or refusal to perform the same, therefore, is an issue." The justice concluded that "the defendant [Ash] by its answer raised an issue as to the arbitrability of the 1981 contract or as

---

**1.** The 1987 action is currently scheduled for trial the week of September 14, 1992.

**2.** General Laws 1956 (1985 Reenactment) § 10–3–5 provides in pertinent part:
"If the making of the arbitration agreement or the failure, neglect or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof. If no jury trial be

demanded, the court shall hear and determine such issue. Where such an issue is raised, either party may, on or before the return day of the notice of application, demand a jury trial of such issue, and upon such demand the court shall make an order referring the issue or issues to a jury as in equity causes."

to the failure, neglect or refusal to perform the same. The parties are, therefore, entitled to a jury trial on these issues." He then denied Forte's motion for summary judgment and assigned the action to the continuous jury trial calendar to await resolution of the proper scope of arbitration. Forte subsequently petitioned the Superior Court to lift the stay in the 1986 action requesting termination of arbitration in order to return to court. Ash opposed the motion, and the Superior Court sustained this objection.

On September 11, 1989, Forte filed the 1989 action against Ash and also against its two principals, Ronald M. Ash and Michael DeFrancesco, seeking damages resulting from Ash's negligent preparation of the 1981 feasibility study. On October 23, 1989, Ash filed a motion to dismiss the 1989 action on the basis that it was "intentionally misleading" and duplicative of the 1987 action. The Superior Court justice dismissed the 1989 action and simultaneously imposed Rule 11 sanctions upon Forte's attorneys. He found the 1989 action to be duplicative of pending actions and considered the 1989 action to be abusive of the pleading process. The justice reflected that because Forte had argued that the 1981 contract issues were subject to the ten-year statute of limitations, "it manifests that the 1981 contract was not intended to be used as evidence but as a separate action in tort." Further, he found that the motion-calendar justice had interpreted the action in the same manner, as evidenced by his assigning the 1987 action to the continuous jury trial calendar. He stated: "[T]he issue of arbitrability is a purely legal determination and not one which could be made by a jury. Therefore, the only logical conclusion is that a *negligence action* regarding the 1981 feasibility study was sent to the continuous jury trial calendar." The Superior Court justice concluded that because the 1987 action raised the issue of negligence with regard to the 1981 feasibility study, the principles of res judicata and the prior-pending-action doctrine mandated that the duplicative 1989 action be dismissed even though the requested relief varied slightly.

The Superior Court justice considered the language in Forte's supplemental memorandum in support of its motion for summary judgment highly indicative of the nature of the 1987 action because it addressed proving the negligent preparation of the 1981 contract feasibility study and seeking damages for its negligent preparation and implementation. Even though the complaint for the 1987 action itself did not address this relief, the Superior Court justice relied heavily on its characterization in the supplemental memorandum in rendering his decision.

The Superior Court justice noted that elements of an action will not be allowed to be presented piecemeal to various courts until a desired result is achieved. He further opined that "whatever issues are presumably unresolved either have been ordered to arbitration or to the continuous jury trial calendar and no ground can be detected to justify an interference with those proceedings." He considered the principles of res judicata therefore to mandate dismissal of the case.

Accordingly the Superior Court justice found that the duplicative pleadings indicated bad faith and lack of candor in presenting the circumstances and legal proceedings. Further, he found that Forte had mischaracterized the 1981 contract feasibility study in the 1989 action because the language in the complaint for design and planning-engineering services was more appropriate to the 1984 contract. He stated, "Forte's complete lack of candor in presenting the circumstances and legal proceedings demonstrates its intent to abuse the processes of the court until such time as a piecemeal and specious attack yielded its desired result." The Superior Court justice then utilized an objective standard in applying Rule 11 and imposed sanctions.

On May 18, 1990, the Superior Court awarded Ash attorney's fees of $5,000, which award Forte appealed to this court on May 30, 1990. This court granted Forte's appeal by order dated December 13, 1990, vacating the order and decision of the Superior Court. On July 25, 1991, more than seven months later, Ash filed a motion

for reconsideration, which this court granted on November 20, 1991. Despite Ash's questionable delay in filing its motion for reconsideration, we shall review the Superior Court's decision.

Although the facts and travel of this case are quite complicated, the central issue we must address in rendering our decision is whether the Superior Court has committed reversible error by finding the 1987 action and the 1989 action duplicative. Forte first alleges that the justice erred in finding the 1989 action for damages duplicative of the 1987 action. It also avers that the Superior Court therefore erred in dismissing the action on res judicata principles. Because of this error, Forte contends, it was improper for the Superior Court justice to impose sanctions on this basis and on the basis that Forte had mischaracterized the 1981 contract in the 1989 action. Forte alleges further error because the Superior Court justice applied the incorrect standard by which to determine whether Rule 11 sanctions are appropriate. Last, Forte asserts that the Superior Court justice's computation of attorney's fees was incorrect and unsupported by verified reliable information. Ash conversely asserts that the Superior Court justice correctly dismissed the duplicative 1989 action and sanctioned Forte's attorneys for so abusing the pleading process.

An order of the Superior Court must be reversed on appeal when it can be shown that a Superior Court justice misapplied the law, misconceived or overlooked material evidence, or made findings that were clearly wrong. *Green v. Green,* 559 A.2d 1047, 1048 (R.I.1989); *see Skelley v. Zoning Board of Review of South Kingstown,* 569 A.2d 1054, 1056 (R.I.1990); *R.J.E.P. Associates v. Hellewell,* 560 A.2d 353, 354 (R.I.1989). We must therefore consider all the facts, circumstances, and pleadings to determine whether the Superior Court justice's findings were clearly wrong and thereby constitute reversible error.

In determining that the 1989 action was duplicative of the 1987 action, the Superior Court justice found that although the relief varied slightly, the claims were in fact the same. Forte claims that the reason it filed the 1989 action was to preserve its right to litigate all claims concerning the 1981 contract since the statute of limitations would have expired prior to resolution of the 1987 action assigned to the continuous jury trial calendar. Further, Forte asserts, had it not filed the 1989 action and the 1987 action was resolved precluding all evidence and issues from the 1981 contract, Forte would have been denied all possible avenues of relief.

The Superior Court justice's determination was most firmly based upon his belief that resolving the 1987 action would also resolve the negligence claims arising out of the 1981 contract. This understanding served as the basis for his subsequent finding that res judicata principles applied and that sanctions were to be imposed. The Superior Court justice concluded that the 1987 action was "obviously" a negligence action because he considered the fact that the motion-calendar justice assigned the case to the continuous jury trial calendar to be indicative of the nature of the action. In addressing this contention, we look to the transcript of that motion and find no indication that the motion-calendar justice relied on the premise that the 1987 action was for negligence when he ruled on that motion. Rather he assigned the matter to the continuous jury trial calendar at the request of Ash pursuant to § 10–3–5 and not on the basis of his characterization of the issues. This misconception therefore has led to the Superior Court's erroneous presumption that the 1987 action involved resolution of the issue of negligence in performance of the 1981 contract.

We find it clear from the face of the complaint and the requested relief that the 1987 action is merely requesting the trial court to declare that the facts and issues of the 1981 contract may be submitted to arbitration of the 1984 contract claims. The issues of Ash's allegedly negligent preparation of the 1981 study and its negligence in relying on the 1981 study in breaching the 1984 contract may be so inextricably intertwined that a fair determination of the

issues cannot be made unless all the facts and evidence are available to the arbitrators. The relief sought, therefore, solely involves the question of whether all the evidence may be presented to arbitration of the 1986 action and counterclaim in resolving each party's assertion that the other committed breach of the 1984 contract. There is no relief sought by Forte in the 1987 action that requests the Superior Court to assess or award damages based upon breach of the 1981 contract. Rather it is a declaratory-relief action requesting the Superior Court to define more clearly the proper scope of arbitration in order to expedite the litigation process and to clarify the issues before the court. Conversely the 1989 action addresses the sole issue of whether Ash was negligent in performing the 1981 contract feasibility study, and if so, what damages are to be assessed for its negligent performance of services.

The Superior Court justice also found it highly indicative of the nature of the 1987 cause of action that in Forte's supplemental memorandum in support of its motion for summary judgment on the 1987 action, Forte stated that it would seek to prove negligent preparation. However, we must also look to the face of the complaint and the totality of the pleadings and concerns in determining the propriety of the Superior Court justice's finding. We find that when there is a conflict between the pleadings in which express requested relief is presented and supporting memoranda, the most reliable evidence and indication of the nature of a cause of action is the pleading itself. In this case the pleading, the complaint itself, specifically requests the declaratory relief sought in a concise, precise manner. We find that the Superior Court justice erred in placing such emphasis on the surplus explanatory language in the supplemental memorandum rather than rely more heavily on the concise language in Forte's complaint and its clearly requested relief for a ruling on and declaration of its rights. We therefore conclude that the Superior Court justice erred in holding that the 1981 contract issues could be resolved by the 1987 action. Rather the 1989 action squarely addressed litigating and resolving the allegations and claims of Ash's alleged negligence in performing the 1981 contract and in preparing the accompanying feasibility study. Although the two actions concern similar facts and intertwined issues, disposition of the 1987 action would not resolve the 1989 negligence action, and the two actions therefore are not duplicative.

In addressing the principles of res judicata and the prior-pending-action doctrine and their applicability in the present case, the Superior Court relied on *Vierra v. Rhode Island Municipal Police Academy*, 539 A.2d 971 (R.I.1988); *Gnys v. Amica Mutual Insurance Co.*, 121 R.I. 131, 396 A.2d 107 (1979); and *Elmasian v. Daley*, 87 R.I. 431, 142 A.2d 540 (1958), in finding the 1989 action to be barred on these bases. In the *Elmasian* case this court set forth the well-established principle that pendency of a prior action in the same court between the same parties and for the same cause of action may be asserted to bar the second action. *Elmasian*, 87 R.I. at 434, 142 A.2d at 542. "As a general rule when a final judgment in the prior suit would act as a bar to the second suit, the plea of the other suit pending will be sustained." *Gnys*, 121 R.I. at 136, 396 A.2d at 110. As this court explained, "The doctrine of res judicata requires (1) an identity of parties, (2) an identity of issues, and (3) a finality of judgment." *Id.* Further, the trial court justice must address whether there exist unique issues in one of the suits that prevent invocation of the res judicata principles and the prior-pending-action doctrine. *Id.* In its determination the trial court must ask, "Would a final judgment in the first suit support a plea of res judicata to the issues involved in the second?" *Id.* In distinguishing *Gnys*, the Superior Court justice found that the parties in the present case are the same in both actions and that the issue of negligence in the 1989 action is the same as that in the 1987 action.

There is, however, no exact identity of parties in the present case and also no allegation that the parties are in privity. The 1989 action also has named Ronald M. Ash and Michael DeFrancesco as individu-

als. Res judicata principles therefore may not apply. *Id; see Guziejka v. Desgranges,* 571 A.2d 32, 33–34 (R.I.1990); *Firemen's Fund Insurance Co. v. O'Neill,* 549 A.2d 1020, 1021 (R.I.1988). In the present case there is also a distinct dissimilarity of issues among the complaints asserted in Forte's 1986 counterclaim, Forte's 1987 action for declaratory relief, and Forte's 1989 action asserting negligence against Ash for the 1981 contract feasibility study.

The Superior Court justice distinguished *Vierra* from the present case, finding that it is not necessary that the 1987 action precede the 1989 action and that the issue is the same in both cases. In the *Vierra* case the court noted that in one action the plaintiff was seeking reinstatement to the police academy and that in the second action she was seeking an injunction against being required to return to the academy. *Vierra,* 539 A.2d at 975. This court concluded that "[b]ecause of the dissimilarities of issues involved it is clear that the judgment from [one] action would not support a plea of res judicata to the issues involved in the [second] action[,]" and we considered the action properly heard. *Id.* In the present case the 1987 action must precede the 1989 action for proper, orderly resolution of the issues. The arbitrability of the 1981 contractual issues will assist in narrowing the scope of issues in the 1989 action if the trial justice does, in fact, find those issues arbitrable. However, if the trial justice does not find those issues arbitrable, Forte's sole source of relief in litigating those facts and issues is found in its 1989 action, which therefore should not be dismissed.

Resolution of the arbitrability issue of allowing in the 1981 contract performance evidence would not resolve the central issue of the 1989 action for negligence in the performance of the 1981 contract feasibility study and resulting damages from Ash's allegedly negligent performance. This determination instead would allow the 1986 action and counterclaim to proceed and would lift the stay imposed by the American Arbitration Association. The case would then be allowed to proceed toward resolution of the issues of which party breached the 1984 contract, whether there was negligence, and whether damages were incurred. The 1989 action seeking a judgment on its merits stands independently and addresses the narrow, limited issue of whether negligent performance of the 1981 feasibility study did occur and whether any resulting damages are to be awarded. The action does not extend beyond this determination.

Further, we find this action to be filed by Forte as expressed, in order to reserve its rights to recover for injuries resulting from Ash's negligence. In 1989 the cases were at a standstill, pending resolution of the 1987 action to determine the scope of arbitration before arbitration proceedings could continue and move toward resolution of the 1986 action. As Forte points out, no action presently pending resolves damages or harm from Ash's alleged breach of the 1981 contract. If the statute of limitations on the 1981 contract expires before the trial justice decides the 1987 action and the trial justice finds the issues not arbitrable, Forte would effectively be denied its day in court. Forte would be unduly prejudiced because it would be rendered unable to address or recover or litigate any issues involved in Ash's alleged breach of the 1981 contract. Should the lower court determine that claims of both agreements are arbitrable, certain aspects of the 1989 action may be subject to issue preclusion, with collateral estoppel operating to prevent relitigation of those issues. The issues are not identical in the actions. Although certain factual components of the cases are intertwined, the 1987 action does not seek resolution of the 1981 contract, nor would its resolution operate to answer the issues of the 1981 contract. Res judicata principles are therefore inapplicable and cannot foreclose Forte's opportunity to seek disposition and resolution of the 1981-contract-negligence issues. A blanket determination of res judicata was therefore clearly wrong at this juncture.

We find that the Superior Court justice erroneously considered the motion-calendar justice's assignment of the 1987 action to the continuous jury trial calendar as indi-

cating that it was a negligence action in which there were negligence issues to be resolved with respect to the 1981 contract. Rather, we highlight the fact that the motion-calendar justice expressly stated that he was assigning the case to the continuous jury calendar in accordance with defendant Ash's request pursuant to § 10–3–5. As such, it was error for the Superior Court justice to infer disposition of a negligence issue present in the 1987 action and subsequently to grant Ash's motion to dismiss on this basis.

The Superior Court justice applied an objective standard in applying Rule 11 and thereby imposed sanctions upon Forte. This federal standard is not utilized by this court or mandated by statute. Rather we affirm that Rule 11 mandates the good-faith requirement of pleadings. Although Rule 11 of the Federal Rules of Civil Procedure was amended to consider the objective standard in applying Rule 11, Rhode Island Rule 11 has not been similarly amended. Therefore, the subjective standard remains applicable in determining whether the pleadings are in fact violative of the pleading process. As this court has stated, "A claim is not made in 'bad faith' so as to shift the burden of costs so long as the claim has some legal and factual basis when considered in light of the reasonable belief of the individual making the claim." *Quill Co. v. A.T. Cross Co.*, 477 A.2d 939, 944 (R.I.1984). Because we conclude that Forte's 1989 action was not made in bad faith, we find that imposition of sanctions upon Forte on this basis was improper.

The Superior Court justice also found that Forte had abused the pleading process by mischaracterizing the 1989 cause of action, stating, "The description of the 1981 feasibility study contained in the Complaint of this action is a manifest mischaracterization" because the description of the type of services refers to those in the 1984 contract rather than those in the 1981 contract. The 1981 contract expressly provides that "[Forte] desires to employ an Engineer to furnish engineering services for a feasibility report on Hydro–Electric Power Generation on the Manville Dam in Man-

ville, Rhode Island," which study was to include "a discussion of flow and hydrologic data, preliminary engineering plans of the proposed plant and site layout, annual power generation, annual revenues, verification of site elevations and boundaries, and analysis of recommended equipment." This language clearly is encompassed within Forte's 1989 complaint alleging that Ash was to provide "design and planning services with regard to the proposed construction of said hydroelectric plant" and "to provide professional engineering services to Forte in the design and/or planning of the construction of said plant." The Superior Court justice was therefore clearly wrong in finding the description of the 1981 contract feasibility study as contained in the 1989 action to be a mischaracterization and in imposing sanctions on this basis. Because we find that the Superior Court justice's imposition of Rule 11 sanctions on Forte was erroneous, we decline to address the issue of his computation of reasonable attorney's fees in sanctioning Forte.

For the aforementioned reasons, we hold that the Superior Court justice was clearly wrong in granting Ash's motion to dismiss and in subsequently imposing Rule 11 sanctions upon Forte's attorneys. The 1987 action and the 1989 action were not duplicative, and res judicata principles therefore were inapplicable. Because the 1989 action was not a mischaracterization or duplicative of a prior pending action, we conclude that the Superior Court justice erred in imposing sanctions on these bases. We therefore sustain Forte's appeal and hereby reverse the judgment of the Superior Court and the order imposing sanctions on Forte. We hereby remand this case to the Superior Court for further proceedings in accordance with this opinion.